See, also 25 F.R.D. 197.

**UNITED STATES of America,**
**Plaintiff**

**v.**

**WATCHMAKERS OF SWITZERLAND**
**INFORMATION CENTER, INC.,**
**et al., Defendants.**

United States District Court
S. D. New York.
March 2, 1960.

**204**

Richard B. O'Donnell, New York City, Chief, New York Office Antitrust Division, Mary Gardiner Jones, Cold Springs Harbor, N. Y., Carl L. Steinhouse, Yonkers, N. Y., Attys., Department of Justice, for United States.

Goodwin, Danforth, Savage & Whitehead, New York City, Donovon, Leisure, Newton & Irvine, New York City, by James V. Hayes and John A. Manning, New York City, of counsel, for defendants Longines-Wittnauer Watch Co., Inc., and Wittnauer et Cie, S. A.

CASHIN, District Judge.

Plaintiff objects to defendants Longines-Wittnauer Watch Co., Inc. and Wittnauer et Cie, S.A.'s request for admission of the genuineness and authenticity of Swiss Decrees. The objections are on the following grounds:

1. The request as to all of the decrees is objected to on the ground that " * * * facts appearing from the face of the documents themselves raise such serious doubts as to their genuineness as to render it impossible for plaintiff to respond affirmatively or negatively to Defendants' Request".

2. Certain of the decrees are irrelevant.

The first objection I consider without any merit whatsoever. Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., does not prescribe unequivocal admissions or denials. Rather, a third alternative is open to the party upon whom a request is served. That party may " * * * serve * * * a sworn statement * * * setting forth in detail the reasons why he cannot truthfully admit or deny * * * " the matters concerning which admissions have been requested. The matters contained in plaintiff's statement of objection and in the affidavit submitted in support thereof might properly be made in such a qualified denial. I do not now pass upon whether the reasons advanced are sufficient to excuse a categorical admission or denial. I do hold, however, that they are not valid grounds for an objection. The objection on the first ground is, therefore, overruled.

The second ground of objection is, however, provided for in Rule 36 of the Federal Rules of Civil Procedure. It is provided that the party served with a request may serve "written objections on the ground that some or all of the requested admissions are * * * irrelevant or that the request is otherwise improper in whole or in part". Although the plaintiff's objection on the second ground is in form addressed only to relevancy, the argument is further made that the request is unduly burdensome. There would appear to be no reported cases precisely defining the meaning of "irrelevant" in the context of Rule 36. Professor Moore in his treatise on the Federal Rules states that the term should be given the same connotation as in the other discovery rules. 4 Moore's Federal Practice, 2d Edition, § 36.06, p. 2722. This definition of irrelevancy appears to me to be too broad when utilized in connection with Rule 36. Information is relevant for discovery purposes if it is reasonably calculated to lead to the discovery of admissible evidence. Rule 26 (b) Federal Rules of Civil Procedure. Rule 36 obviously presupposes that the information contained in the request has already been "discovered". The admission of truthfulness or genuineness by the opposing party is only to obviate the necessity of proving, at the trial, facts which are not in substantial dispute. Cf. 4 Moore's Federal Practice, 2d Ed., § 36.-02. Thus, a request for the admission of authenticity of documents which could not be admitted into evidence at the trial

would certainly be a request for the admission of irrelevant documents. I do not believe, however, that it is incumbent upon me in ruling on objections to a request for the admission of authenticity of documents to make, pre-trial, a ruling on admissibility. Rather, it would appear that unless it can be shown by the objecting party that under no possible circumstances could a document be admissible, the objection must be overruled. The plaintiff has attempted to meet this burden, but, in my opinion, without success.

The gist of the defense is that the actions of the defendants, of which the plaintiff complains, were necessitated by the provisions of Swiss law. Concededly, all of the decrees regulate, to some extent, the watch industry in Switzerland. Perhaps the Swiss law will prove to be unavailing as a defense. Similarly, it may be, in the framework of the issues as fully developed at the trial, the decrees may prove irrelevant. On the information before me, however, I cannot say that the decrees would be clearly inadmissible. Thus, the objection must be overruled.

Perhaps if the decrees were unduly long I might feel constrained to seek further information on which to base a more precise judgment of ultimate admissibility. However, the decrees objected to as irrelevant consist, in translation, of less than 90 double-spaced legal cap pages. In this "big case", such an amount of documentation is relatively slight.

The plaintiff further argues that it is not an expert in Swiss law and thus is unable to admit the authenticity of the documents. If anything, this argument would seem to relate to the first rather than the second ground of objection which has already been ruled upon above.

The objections of plaintiff are overruled in their entirety.

It is so ordered.