Margaret Kistler PETER, Widow and Debra Lynn Peter and Carla Jan Peter, minor dependent children of Ralph M. Peter, deceased employee, Plaintiffs,

v.

Phillip F. ARRIEN, Deputy Commissioner, United States Employees Compensation Commission, Third Compensation District, Defendant, and Public Contracting Corporation, Intervener.

Civ. A. No. 70–1078.

United States District Court,
E. D. Pennsylvania.

Nov. 17, 1970.

Milton M. Borowsky, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Faith Whittlesey, Asst. U. S. Atty., Philadelphia, Pa., for defendant, Leavenworth Colby, Sp. Asst. to Atty. Gen., U. S. Dept. of Justice, Washington, D. C., of counsel.

Joseph B. Erwin, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for intervener.

## OPINION AND ORDER

WOOD, District Judge.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiffs have served requests for admissions on defendant who has in turn served written objections to these requests. Plaintiffs are the widow and minor children of Ralph M. Peter who was drowned in an accident occurring during the course of his employment. Defendant is a Deputy Commissioner of the United States Employees Compensation Commission.

Plaintiffs brought the instant action pursuant to § 21 of the Longshoremen's

and Harbor Workers' Compensation Act, 33 U.S.C. § 921 to review and set aside an order of defendant denying them compensation. That Section provides that a party may seek to set aside such an order through injunctive proceedings in a Federal Court against the Deputy Commissioner making the order.

In support of their requests for admissions, plaintiffs contend that the Federal Rules of Civil Procedure are applicable to this case, citing Federal Rule 81(a) (6). That rule provides that the Federal Rules of Civil Procedure are applicable to "proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act * * * except to the extent that matters of procedure are provided for in that Act." Plaintiffs argue that there is no provision in the Act which would make the discovery procedures of the Federal Rules of Civil Procedure inapplicable.

Defendant on the other hand argues that the discovery procedures of the Federal Rules are inapplicable in a case such as this where this Court has a narrow scope of review.

For reasons hereinafter stated, we conclude that defendant's objections to plaintiffs' requests for admissions must be sustained.

■ The purpose of Federal Rule 36 is to expedite trial by eliminating the necessity of proving essentially undisputed and peripheral issues. Syracuse Broadcasting Corporation v. Newhouse, 271 F.2d 910 (2nd Cir. 1959). In this case, however, the requests for admissions would serve a different purpose; if granted they would have the effect of amending the findings of fact of defendant who entered them in his official capacity as a Deputy Commissioner. The facts embodied in plaintiffs' requests would supplement his findings of fact. We do not believe that it is proper to utilize the requests for admissions procedure in such a manner.

■ A Deputy Commissioner's findings of fact are entitled to great defer-

ence. Quick v. Martin, 130 U.S.App.D. C. 83, 397 F.2d 644 (1968). Certainly he should be compelled to amend his findings only upon a showing that he failed to include in them an essential element of the case. As no such showing has been made here, we must sustain the apparent conclusion of defendant that the facts contained in plaintiffs' requests for admissions were not relevant to disposition of plaintiffs' claim.

■ Finally, it should be observed that fact finding is to be accomplished by the Deputy Commissioner and not by the Courts. Lavino Shipping Company v. Donovan, 267 F.2d 59 (3rd Cir. 1959). However, by compelling defendant to answer plaintiffs' requests, we would be engaging in fact finding, as we would have to decide that the facts included in those requests are relevant to the disposition of the claim. Accordingly, defendant's objections to plaintiffs' requests for admissions are sustained.