Beker Industries Corp., plaintiff v. United States, et al.,
DEFENDANTS

Court No. 83–12–01818

Before Restani, *Judge.*

(Dated June 18, 1984)

*Skadden, Arps, Slate, Meagher & Flom (Rodney O. Thorson, Esq.)* for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis, Esqs.,* for defendants.

## OPINION

Restani, *Judge:* Plaintiff has filed a motion under Rule 36(a) of the United States Court of International Trade to compel responses to plaintiff's requests for admissions made pursuant to the same rule. Defendants oppose the motion on the grounds that discovery is not permitted in actions based on review of administrative records.

As the United States District Court for the Eastern District of Pennsylvania observed in a case involving the corresponding Federal Rule of Civil Procedure, "The purpose of requests for admissions is not necessarily to obtain information but to narrow the issue for trial." *Webb* v. *Westinghouse Electric Corp.*, 81 F.R.D. 431, 436 (E.D. Pa., 1978). *See also United States* v. *Watchmakers of Switzerland Information Center, Inc.*, 25 F.R.D. 203, 204 (S.D. N.Y., 1960). As indicated in our prior opinion, *Beker Industries* v. *United States,* 7 CIT 199, Slip Op. 84–40 (April 13, 1984), in this case we are limited to a review of the administrative record made in the proceedings conducted under 19 U.S.C. 1675(a) (1982). *See also Beker Industries* v. *United States,* 7 CIT 313, Slip Op. 84–62 (June 5, 1984). Because there is to be no trial in this case, requests for admissions are not appropriate.

The case of *Peter* v. *Arrien,* 319 F. Supp. 1348 (E.D. Penn. 1970), is analogous to this matter. *Peter* was an action brought under the Longshoremen's and Harbourworkers' Compensation Act (LHCA), 33 U.S.C. § 921, to review and set aside an order of the defendant, an official with the agency responsible for implementing the involved act. The LHCA permitted a party to seek to set aside such an order through injunctive proceedings in a federal court. Plaintiffs propounded requests for admissions, and like plaintiffs here, argued that there was no provision in the relevant act which would make the discovery procedures under the Federal Rules of Civil Procedure inapplicable. Defendant, on the other hand, argued that the discovery procedures of the Federal Rules are inapplicable in such a case where the court has a narrow scope of review. The court sustained the defendant's objections to the plaintiffs' requests for admissions. The court explained:

The purpose of Federal Rule 36 is to expedite trial by eliminating the necessity of proving essentially undisputed and peripheral issues. [citation omitted] In this case, however, the requests for admissions would serve a different purpose; if granted they would have the effect of amending the findings of fact of defendant who entered them in his official capacity as Deputy Commissioner. The facts embodied in plaintiffs' requests would supplement his findings of fact. We do not believe that it is proper to utilize the requests for admissions procedure in such a manner. *Id.* at 1349.

As in the *Peter* case, to permit requests for admissions here would involve the court in impermissible fact-finding. In the absence of extraordinary circumstances, none of which are alleged to be present here, Rule 56.1 of this court provides adequate means for a plaintiff such as Beker to present its case to this court.

For the foregoing reasons, plaintiff's motion to compel responses to requests for admissions is denied.