Johann F.E. THALHEIM

v.

Harry F. EBERHEIM.

Civ. No. B 87–235(WWE).

United States District Court,
D. Connecticut.

Sept. 6, 1988.

Peter A. Thalheim, O'Connor & Paine, Greenwich, Conn., for plaintiff.

Donna M. Lattarulo, Arnold J. Bai, Bai, Pollock & Dunnigan, Bridgeport, Conn., for defendant.

## MEMORANDUM AND ORDER

THOMAS P. SMITH, United States Magistrate.

Rule 36(a), F.R.Civ.P., allows the service of requests for admission upon parties to civil actions. An important purpose of the rule is to reduce the cost of litigation, *Burns v. Phillips*, 50 F.R.D. 187, 188 (N.D. Ga.1970), by narrowing the scope of disputed issues, *Webb v. Westinghouse Electric Corp.*, 81 F.R.D. 431, 436 (E.D.Pa. 1978), facilitating the succinct presentation of cases to the trier of fact, *Ranger Ins. Co. v. Culberson*, 49 F.R.D. 181, 182–83 (N.D.Ga.1969), and eliminating the necessity of proving undisputed facts. *Peter v. Arrien*, 319 F.Supp. 1348, 1349 (E.D.Pa. 1970), citing *Syracuse Broadcasting Corporation v. Newhouse*, 271 F.2d 910 (2d Cir.1959). *Also see* Rule 1, F.R.Civ.P., mandating that the Federal Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

In keeping with its purpose, Rule 36(a) provides that requests which are neither objected to nor answered shall be deemed admitted. By operation of Rule 36(b) such an admission is conclusive unless the court in its discretion relieves the party of the admission. *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966). A party's loss of the "right to contest a matter on the merits is not to be treated lightly." *O'Bryant v. Allstate Ins. Co.*, 107 F.R.D. 45, 48 (D.Conn.1985). This is especially so since "even default admissions" may serve as a factual predicate for a motion for summary judgment. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987), citing *Donovan v. Carl's Drug Co.*, 703 F.2d 650 (2d Cir.1983); Rule 56(c), F.R.Civ.P.

Where a party has answered or objected to a request for admission, Rule 36(a) allows the requesting party to seek a judicial determination of the sufficiency of the answer or objection. Though such a motion under Rule 36(a) may be variously captioned, it is clear that a "motion for an order deeming requests to have been admitted" is the functional equivalent of a "motion to determine the sufficiency of answers or objections." *Szatanek v. McDonnell–Douglas Corp.*, 109 F.R.D. 37, 41 (W.D.N.Y.1985).

When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections. Generally, with respect to requests, "[t]he facts should be stated singly, so that the party called upon to make answers need not write an essay in reply." 4A J. Moore, *Federal Practice* ¶ 36.05[2] at 51 (1987). When a request is denied, the court must consider: (1) whether the denial *fairly* meets the substance of the request; (2) whether *good faith* requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a *good faith* qualification.

Though qualification may be required where a request contains assertions which are only partially correct, *Flanders v. Claydon*, 115 F.R.D. 70, 72 (D.Mass. 1987), a reviewing court should not permit a responding party to undermine the efficacy of the rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party. *Walsh v. Connecticut Mutual Life Ins. Co.*, 26 F.Supp. 566, 573 (E.D.N.Y. 1939). Nor should a reviewing court permit a responding party to frustrate the rule by initially providing inadequate responses, forcing the requesting party to file a motion and costly memoranda, and *only then* coming forward with "amended answers"

that easily could have been supplied in the first instance.

With this as background, it is appropriate to turn briefly to the facts of this case. The plaintiff has brought this admiralty action, 28 U.S.C. § 1333, seeking a $14,500 salvage award. The complaint alleges that plaintiff heroically saved defendant's sailboat, a sloop named "Stardust Too," from the ravages of Hurricane Gloria whose high winds and whitecaps battered Connecticut's coastline September 27, 1985. When the storm struck, the Stardust Too was moored in Greenwich Cove. The complaint alleges in substance that but for plaintiff's securing her, the Stardust Too would have been destroyed. The defendant, on the other hand, denies his boat was salvaged, and further asserts in the answer that plaintiff "acted as a volunteer...." (Filing 6).

In November of 1987 plaintiff served defendant with twenty (20) requests for admission. The instant motion, which the court treats as one to determine the sufficiency of defendant's responses, questions the *bona fides* of defendant's denial of eleven (11) of the requests. Plaintiff received defendant's denials in December of 1987. From then until May 31, 1988 plaintiff tried to persuade defendant to provide additional information, but to no avail. The Thalheim Affidavit, Filing 30, ¶¶ 3–10 recounts plaintiff's repeated efforts. Finally, on May 31, 1988, plaintiff filed the instant motion which seeks an order deeming the defendant to have admitted plaintiff's Requests Nos. 2, 5, 7, 8, 9, 10, 11, 12, 13, 17 and 19. The court now turns to those requests and defendant's responses to them.

### I.

*Request No. 2.* Stardust Too was moored in Greenwich Cove, prior to the arrival of Hurricane Gloria, at Stardust Too's mooring, which had been designated for Stardust Too for that season by the harbor master.
*Defendant's Pre–Motion Response:* "Denied."

After effectively forcing the plaintiff to file the instant motion and accompanying memorandum, the defendant filed an "Amended Response" which states, "[I]t is admitted that the defendant had a mooring in Greenwich Cove which had been designated for Stardust Too for that season by the harbormaster. The remainder ... is denied." (Filing 33). This "Amended Response", however, precipitated plaintiff's filing of yet another memorandum in support of his motion. *See* Filing 36. After receiving plaintiff's second memorandum, defendant filed a "Second Amended Response." Finally, defendant admitted "that the defendant had a mooring in Greenwich Cove which had been designated for Stardust Two for that season by the harbormaster, and that Stardust Two was moored in Greenwich Cove prior to the arrival of Hurricane Gloria." *See* Filing 38. The court further finds that the second amended response which defendant ultimately filed on July 20, 1988 (Filing 38) could have been, and should have been, provided initially in December of 1987. But for plaintiff's persistence—and the filing of a motion and detailed memoranda—this admission would not have been made.

### II.

*Request No. 5.* Any aid or service rendered by plaintiff to Stardust Too was rendered as a volunteer.
*Defendant's Pre–Motion Response:* "Denied. If plaintiff boarded said boat he did so without authority and was a trespasser."

At the outset this pre-motion response should be compared with defendant's own Second Affirmative Defense, which alleges that "the plaintiff at all times acted as a *volunteer* without any authority from the defendant." *See* Answer and Amended Answer, Filings 6 and 26 (Emphasis Added). The defendant now attempts to explain away this inconsistency by asserting that plaintiff "did not render any aid or service to Stardust Too on September 27, 1985." (Defendant's Memorandum, Filing 34 at [unnumbered page] 5). The court finds defendant's explanation both transparent and an obvious afterthought. De-

fendant's initial denial was not in good faith. The interpretation that defendant now seeks to put on the pre-motion response could have been, and should have been, provided in December of 1987. Instead, contrary to the spirit of the Federal Rules, defendant unjustifiably forced plaintiff to file the instant motion and accompanying memoranda.

### III through V

*Request No. 7.* On September 27, 1985 Stardust Too came free from its mooring.

*Defendant's Pre–Motion Response.* "Denied because defendant lacks knowledge after reasonable inquiry as to whether boat 'came free' or was removed from its mooring."

Defendant's pre-motion response is inadequate. Rule 36(a) contemplates that lack of knowledge may be given "as a reason for *failure* to admit or deny." Furthermore, lack of knowledge may be pointed to as a reason for neither admitting nor denying a request only where a party asserts *both* (1) that the party has made reasonable inquiry *and* (2) that the information known or readily obtainable by the party is insufficient to enable that party to admit or deny. Here defendant's initial response cavalierly and improperly points to ignorance as a reason for denial. Moreover, though defendant incants that "reasonable inquiry" has been made, defendant's initial response fails to assert that information "readily attainable" is inadequate to allow either an admission or a denial.

After forcing plaintiff to incur the unnecessary expense of filing the instant motion and two memoranda, defendant filed an amended response to plaintiff's request. The court finds that the amended response is little more than an unavailing attempt to capitalize on plaintiff's thoughtful research. Defendant's amended response to Request No. 7 is a simple "Denied." Characterizing defendant's responses in their entirety as "double talk," plaintiff makes the following point concerning the import of defendant's amended response:

> It is curious that *previously* defendant lacked knowledge after reasonable inquiry and *now* defendant affirmatively denied these requests. [Y]et defendant's papers are ... bereft of any suggestion how defendant now knows his vessel did *not* come free....

In short, by negative inference, on September 27 Stardust Too was under defendant's control, was manned and did not come free from its mooring. How this can be consistent with the admission [to Request No. 3 that] "[d]efendant nor any of his agents boarded Stardust Too [on September 27]" can only be clear in defendant's mind and is not a good faith answer.

(Plaintiff's Memorandum, Filing 36 at 11; emphasis added). The court agrees, and further finds defendant's purported explanations are indeed "double talk." The defendant's responses to Requests Nos. 8 and 9 suffer from the same cloying defects that contaminate his response to plaintiff's Request No. 7.

### VI through IX

The following requests for admission and responses should be considered together:

*Request No. 10.* Subsequent to coming free from its mooring and prior to being remoored, Stardust Too was in peril of striking other moored craft.

*Defendant's Pre–Motion Response:* "Denied."

*Request No. 11.* Subsequent to coming free from its mooring and prior to being remoored, Stardust Too was in peril of running aground.

*Defendant's Pre–Motion Response:* "Denied."

Request No. 12. Plaintiff boarded Stardust Too after it had come free from its mooring and successfully moored Stardust Too in Greenwich Cove.

*Defendant's Pre–Motion Response:* "Denied."

*Request No. 13.* After Stardust Too came free from its mooring, a person or persons boarded Stardust Too and successfully moored it in Greenwich Cove.

*Defendant's Pre–Motion Response:* "Denied."

After forcing plaintiff to incur the expense of preparing the pending motion and accompanying memoranda, on July 20, 1988 the defendant gratuitously filed a "Reply Brief," which explains that Requests 10 through 13 were denied "on the grounds that Stardust Two [sic] did not come free from its mooring on September 27, 1985." (See Filing 39 [unnumbered page] 4). The court finds defendant's explanation disingenuous. Moreover, the court finds, the defendant easily could have provided this information in its initial response, but chose instead to waste the time of the plaintiff and of the court.

## X.

*Request No. 17.* On September 28, 1985 Stardust Too was floating in Greenwich Cove.

*Defendant's Pre–Motion Response.* "Denied—boat was moored—see # 16."

Defendant's response to Request No. 16 admits that the Stardust Too was *moored* in Greenwich Cove on September 28, 1985. Defendant's cute pre-motion response to Request No. 17, however, denies that the boat was afloat. Since it is entirely possible for a boat to sink while it is moored, defendant's inappropriate response left plaintiff no alternative but to file the pending motion. After the plaintiff incurred the expense associated with his motion—to say nothing of the costs associated with plaintiff's repeated attempts since November of 1987 to obtain forthright answers—the defendant filed an "Amended Response" which finally admits "that the boat was moored and afloat." Obviously, this should have been admitted in defendant's initial pre-motion response. Defendant's pre-motion response was not in good faith.

## XI.

*Request No. 19.* On September 28, 1985 neither defendant nor his agents could find the mooring to which Stardust Too had been attached on the evening [of] September 26, 1985, defendant's mooring in Greenwich Cove.

*Defendant's Pre–Motion Response:* "Denied."

Defendant's July 20, 1988 "Reply Memorandum" explains that this request was denied because the "defendant did not attempt to locate his mooring on September 28, 1985." Defendant, of course, offers no explanation why he was unable to disclose this information in his pre-motion response. That is because there is none. It would have been a simple matter to qualify the pre-motion denial with the words "because defendant made no attempts to locate the mooring on that date." Instead, defendant chose simply to deny the request, leaving the plaintiff to boil in his own frustration. However, the unqualified denial unfairly permits the inferences that defendant could, or actually did, find the mooring that day. In view of defendant's other responses, the court finds that it probably was defendant's intent to confuse the plaintiff. In any event, it is clear that the defendant's response to this request is neither sufficient nor in good faith.

■ Though the court declines to issue an order that Requests Nos. 2, 5, 7, 8, 9, 10, 11, 12, 13, 17 and 19 be admitted, it finds that defendant's pre-motion responses to those requests are wantonly insufficient. Therefore, it is ORDERED that:

(1) Within 20 days of this date the plaintiff shall file an affidavit which sets forth the number of hours he has expended preparing the Request for Admissions, attempting to resolve the discovery dispute (*e.g.,* letters, phone calls, conferences between December 21, 1987 and May 31, 1988), drafting the instant motion and supporting papers, researching and writing the memoranda that he has filed, and otherwise reasonably spent in connection with his successful pursuit of this motion and the preparation of the affidavit itself. That affidavit also shall set forth the hourly rate that plaintiff's counsel customarily charges.

Within 10 days of plaintiff's filing of the affidavit described above, the defendant may file any papers he chooses to submit in opposition to plaintiff's claim for attorney's fees, including papers that challenge either the number of hours spent by plaintiff or the hourly rate claimed. In due course the

court will conduct a hearing on the issue of attorney's fees. 28 U.S.C. § 1927.

The instant memorandum and order stand as the magistrate's findings of fact and conclusions of law. *See* Rule 1(C)(2), Local Rules. Any party is free to seek the Article III judge's review of this order. *See* Rule 2(b), Local Rules.