Carlos **CUTINO**, Plaintiff,

v.

John **UNTCH, Mark Moretti, individually and in their official capacities, several unknown police officers of the City of Miramar, Florida, a Florida municipal corporation, and the City of Miramar, Florida, a Florida municipal corporation,** Defendants.

Case No. 12–22201–CIV.

United States District Court, S.D. Florida.

Signed Nov. 14, 2014.

Jeffrey David Weinkle, Louis Michael Jepeway, Jr., Jepeway and Jepeway, P.A., Miami, FL, for Plaintiff.

Alicia Hayley Welch, John Joseph Quick, Weiss Serota Helfman Pastoriza Cole & Boniske, Coral Gables, FL, for Defendants.

## ORDER

BARRY S. SELTZER, United States Chief Magistrate Judge.

THIS CAUSE is before the Court on Plaintiff's Renewed Motion to Compel Defendants to Answer Requests for Admissions (DE 107)[1] and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 89).[2] The Court having considered the briefed Motion (DE 107, DE 111, and DE 113), and being otherwise fully advised, it is hereby ORDERED that the Motion is DENIED.

Plaintiff moves the Court to compel Defendants to answer his Request for Admissions Nos. 1–8, 10, 16, 19–21, and 23–27. *See* Motion (DE 107); *see also* Reply (DE 113) (withdrawing portion of motion as to Request for Admission No. 9). Federal Rule 36 governs requests for admissions; the Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami–Dade County*, 297 F.3d 1255, 1268 (11th Cir.2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed.1994)); *see also Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D.Conn.1988) ("An important purpose of the rule is to reduce the cost of litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts.") (internal citations omitted). Rule 36(a) permits a party to serve on another party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Significantly, Rule 36(a) also affords the responding party specified options for answering a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4). A responding party may also object to a request for admission, but not "solely on the ground that the re-

---

1. Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984). Furthermore, "[t]he court has substantial discretion to determine the propriety of such [admission] requests and the sufficiency of responses." *Audiotext Comm. Network, Inc. v. U.S. Telecom, Inc.*, Civ. 94–2395–GTV, 1995 WL 625744, at *1 (D.Kan. Oct. 5, 1995) (citing *Dubin v. E.F. Hutton*, 125 F.R.D. 372, 373 (S.D.N.Y.1989)).

2. This case arises out of Plaintiff's arrest on June 20, 2008. Plaintiff brings the instant action against Defendants alleging (federal and state) claims for excessive force, false arrest, malicious prosecution, assault and battery, and false imprisonment. *See* Second Amended Complaint (DE 12).

quest presents a genuine issue for trial." Fed.R.Civ.P. 36(a)(5). A matter admitted under Rule 36 is deemed "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b).

Additionally, Rule 36 expressly permits the requesting party to move a court to determine the sufficiency of an answer or objection to a request for admission. Fed.R.Civ.P. 36(a)(6). If the court finds that an answer does not comply with the Rule, it "may order either that the matter is admitted or that an amended answer be served." *Id.* Where the court finds that an objection is not justified, it "must order that an answer be served." *Id.*

■ Here, Plaintiff moves the Court to compel Defendants to answer Admission Request Nos. 1–8, and 10. Motion at 1 (DE 107). In response to these requests, Defendants expressly state that they "have made reasonable inquiry and the information known or readily obtainable by Defendants is insufficient to enable it to admit or deny." Defendants' Response to Plaintiff's First Request for Admission (DE 97–2); *see also* Response (DE 111) (detailing why they are unable to admit or deny the matter). Defendants' responses, therefore, satisfy the directives of Federal Rule of Civil Procedure 36 and are procedurally sufficient. *See* Fed.R.Civ.P. 36(a) (requiring party claiming lack of information to state that it "has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny"); *e.g. Cabrera v. Government Employees Ins. Co.,* No. 12–61390–Civ, 2014 WL 2999206, at *18 (S.D.Fla. July 3, 2014) (Seltzer, M.J.) (denying to motion to compel better responses to admission requests as the provided responses "comport with the technical requirements of Rule 36(a)(4)"); *Collins v. JC Penney Life Ins. Co.,* No. 02cv0674–L(LAB), 2003 WL 25945842, at *9 (S.D.Cal. May 5, 2003) (discussing that in determining the sufficiency of a request for admission, the court's role is to "ensure the formalities of [Rule 36(a)] are observed" and that "[a]s long as a responding party's answer is adequate to satisfy the technical requirements of Rule 36, the court

is not empowered to compel [the responding party] to change an answer to conform to the 'truth' or to any particular theory or other evidence"). Accordingly, Defendants have adequately responded to these requests.

Plaintiff also moves to the Court to overrule Defendant's objections to Admission Request Nos. 16, 19–21, and 23–27. These requests seek (from Defendants) the following admissions:

16. The Defendants, Untch, Moretti, and several police officers of the City of Miramar, Florida talked among themselves.

19. An ambulance took Mr. Cutino to the hospital after all this.

20. Mr. Cutino was in the hospital one and a half days.

21. Mr. Cutino received extensive medical care while in the hospital.

23. Mr. Cutino went to the hospital again after he was released from custody.

24. This time Mr. Cutino was in the hospital for two to three weeks.

25. Mr. Cutino had a very high temperature when he was in the hospital this time.

26. Mr. Cutino received extensive medical care when he was in the hospital this time.

27. Mr. Cutino then underwent extensive therapy.

Plaintiff's Request for Admissions (DE 97–1).

■ Defendants object to Request Nos. 16, and 19–21, stating that they could not respond because these requests are unintelligible, vague, and/or "not limited in time or scope as the preceding requests seek admissions concerning events ranging from 2008 to 2014." Response at 9–11 (DE 111). Additionally, Defendants object to Request Nos. 23–27 on the grounds that "it is unclear what time period after Mr. Cutino's release from jail is being discussed in the request." *Id.* at 11 (DE 111). Defendants' objections are well-taken. Indeed, Plaintiff's requests are replete with vague and unclear terms, and "a party is not required to respond to a request that contains vague or ambiguous statements." *Fulhorst v. United Tech. Auto., Inc.,* No. 96–577, 1997 WL 873548, at *1

(D.Del. Nov. 17, 1997); *e.g., Arroyo v. Adams,* No. 1:11–cv–01186–AWI–DLB, 2014 WL 109494, at*5 (E.D.Ca. Jan. 10, 2014) (denying motion to compel where admission request included vague, undefined terms). The Court, therefore, will not require Defendants to answer Request for Admission Nos. 16, 19–21, and 23–27.

Accordingly, based on the foregoing, it is hereby ORDERED that Plaintiff's Renewed Motion to Compel Defendants to Answer Requests for Admissions (DE 107) is DENIED in its entirety.