Gussie GOLDMAN and Morris Goldman, her husband, Plaintiffs

v.

Walter Fred MOONEY and Walter W. Mooney, Defendants.

Civ. No. 15087.

United States District Court
W. D. Pennsylvania.

Sept. 25, 1959.

James Fitzgerald, P. J. McArdle, Pittsburgh, Pa., for plaintiffs.

J. Lawrence McBride, of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

Plaintiffs in this action object to defendants' requests for admissions of facts submitted under Rule 36, Fed.R. Civ.P., 28 U.S.C.A. Defendants have requested that plaintiffs admit that certain diagnoses of wife plaintiff's eye condition were in fact made. Plaintiffs object on the ground that admissions of these facts will deprive them of their right of cross-examination of the medical experts whose opinions form the subject matter of the requests for admissions.

 Plaintiffs' reluctance to answer is apparently based upon an assumption that the answers to defendants' requests if made would be admissible in evidence at the trial of the case. We make no such assumption, and, while the question of the admissibility of admissions such as those involved here is not before us, we entertain serious doubts as to their admissibility in evidence at the trial. Admissible or not, however, the requests being for relevant matter, we find that they should be answered and their admissibility determined by the trial judge. See: Cyclopedia of Federal Procedure, 3d ed., vol. 7, § 25.722, pp. 703–4.

Defendants have not followed, in full, the language of Form 25 following the Federal Rules of Civil Procedure,[1] but this failure does not alter the fact that any admissions made by plaintiffs are made "subject to all pertinent objections to admissibility which may be interposed at the trial".

Plaintiffs also object on the ground that the requests seek admissions on questions going to the heart of the controversy. Without deciding the validity of such an objection, we find it inapposite here. Defendants do not request an admission as to wife plaintiff's medical condition, but only admissions that certain medical experts made particular statements, the accuracy of which plaintiffs clearly would not admit in answering the request.

An appropriate order will be entered.

---

1. Form 25 states:

"Plaintiff A.B. requests defendant C.D. within * * * days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial: * * *."