Akil AL–JUNDI, a/k/a Herbert Scott Deane; Big Black, a/k/a Frank Smith; Elizabeth Durham, Mother and Legal Representative of Allen Durham, deceased; Litho Lundy, Mother and Legal Representative of Charles Lundy, deceased; Theresa Hicks, Widow and Legal Representative of Thomas Hicks, deceased; Alice McNeil, Mother and Legal Representative of Lorenzo McNeil, deceased; Maria Santos, Mother and Legal Representative of Santiago Santos, deceased; Jomo Sekou Omowali, a/k/a Eric Thompson; Vernon Lafranque; Alfred Plummer; Herbert X. Blyden; Joseph Little; Robin Palmer; George "Che" Nieves; James B. "Red" Murphy; Thomas Louk; Peter Butler; Charles "Flip" Crowley; William A. Maynard, Jr.; Calvin Hudson; Kimanthi-Mpingo, a/k/a Edward Dingle; and Ken-Du, a/k/a Willie Stokes, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Nelson A. ROCKEFELLER; Russell A. Oswald; Walter Dunbar; John C. Baker; A. C. O'Hara; John Monahan; John C. Miller; Leon Vincent; Karl Pfeil; Robert F. Fischer; Wim Van Eekeren; Vincent Mancusi; John Does Nos. 1–100, Defendants.

CIV–75–132.

United States District Court,
W. D. New York.

Oct. 9, 1981.

Elizabeth M. Fink, New York City, Susan Carpenter, Buffalo, N. Y., for plaintiffs.

Robert N. Isseks, Middletown, N. Y., for Monahan.

John H. Stenger, Buffalo, N. Y., for Oswald.

Alexander C. Cordes, Buffalo, N. Y., for Rockefeller's Estate.

Irving C. Maghran, Buffalo, N. Y., for Pfeil.

Brian P. Fitzgerald, Buffalo, N. Y., for Mancusi.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Now before me in this protracted civil rights litigation involving events surrounding the "retaking" of D-yard at the Attica (N.Y.) Correctional Facility September 13, 1971, are motions under Fed.R.Civ.P. rule 26(c) by several defendants for protective orders. At issue is the propriety of identical sets of documents listing 154 admission requests that have been served on each party. Motions have been brought by defendants Mancusi, Monahan, Oswald, Pfeil, and on behalf of defendant Estate of Nelson A. Rockefeller by the executors. Defendants Monahan, Pfeil and Oswald object that many of the 154 requests are more properly addressed to defendants other

than themselves and that, because of the breadth of coverage of the requests, they will duplicate scheduled oral depositions and are therefore unnecessary and unduly burdensome. Similarly, the executives of the Estate of Nelson A. Rockefeller object that they have no personal knowledge regarding any of the admission requests except that derived through the public media and would have to consult with counsel for other defendants in order to admit or deny the requests. Defendant Mancusi objects only as to those admission requests relating to plaintiffs' causes of action based on the planning for the retaking of Attica and the actual assault, on the grounds that by my order of October 30, 1979 the paragraphs of the Complaint related to these phases of the affair were dismissed as to himself. Several defendants object to the number of requests as excessive and also that the requests were submitted prior to a proper substitution of counsel for plaintiffs and so are not properly subscribed as required by the Federal Rules of Civil Procedure.

■ Dealing first with the latter and easiest of these objections, the alleged improper subscription of the admission requests is a ground too insubstantial to support an objection. The same admission requests, properly subscribed, could be served upon the objecting parties immediately were I to grant this objection.

■ Regarding the objections to the number of requests, in view of the complexity of issues in this case and the desirability of eliminating those issues that are not seriously controvertible, I do not find the number inordinate compared to the numbers of requests that have been permitted in other cases. *See*, 4A *Moore's Federal Practice*, ¶ 36.04[7].

■ Turning to the more substantial objection of defendant Mancusi, I find that it would be improper to require admission of matters not pertinent to the cause of action against a defendant. "By its terms, Rule 36 applies to parties. The term 'party' is to be taken in its ordinary significance. Normally, of course, admissions would not be sought from a person not a party, since admissions by such a person would have no significance in the disposition of the case." *Id.*, at ¶ 36.03[2]. Mancusi is not a party to plaintiffs' claims based on the planning and assault phases of Attica's recapture, so that admission requests relating solely to these phases are irrelevant to the case against Mancusi. If plaintiffs intend to call defendant Mancusi as a witness in the phases of their case concerning the planning and assault, the proper pretrial discovery vehicle directed to Mancusi on these aspects would be one not limited to parties, namely a deposition, either oral or upon written questions.[1] However, the occasion is not ripe for granting defendant Mancusi's motion for a protective order, inasmuch as plaintiffs have had neither sufficient time to

---

1. In *Naismith v. Professional Golfers Ass'n*, 85 F.R.D. 552, 566 (N.D.Ga.1979), it is suggested that Fed.R.Civ.P. rule 26(c) protection against "annoyance, embarrassment, oppression, or undue burden or expense" might be liberally granted to one not a party to a particular claim, in view of the "party" limitations of Fed.R. Civ.P. rules 33(a), 34(a) and 36(a). The court in *Naismith* declined to extend such protection because the movant had not alleged rule 26(c) grounds for protection in addition to its "party" limitation objections. However, it is clear that the party limitation is itself sufficient to support objection under rule 36(a), even absent rule 26(c) grounds. The Advisory Committee notes on the 1970 amendment to rule 36(a), deleting specified grounds for objections, observed:

"The existing language describing the available grounds for objection to a request for admission is eliminated as neither necessary nor helpful. The statement that objection may be made to any request which is 'improper' adds nothing to the provisions that the party serve an answer or objection addressed to each matter and that he state his reasons for any objection. None of the other discovery rules sets forth grounds for objection, except so far as all are subject to the general provisions of Rule 26."
This language clearly implies that objections based on the scope of rule 36, including its limitation to parties, are cognizable. Considering the ordinary signification of "admissions" —that they are admissible evidence against parties opponent—I find defendant Mancusi's objection well-taken, notwithstanding the contrary analysis in *Naismith*.

consider the sufficiency of the objections as to each specified paragraph nor notice that I would recognize the grounds urged by Mancusi.

■ I find the contention by defendants Monahan, Oswald and Pfeil that the admission requests will be duplicated by scheduled oral depositions to be at best too speculative to support their objection. In *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144 (S.D.N.Y.1969), the court found "no persuasive authority sustaining objections to interrogatories based upon * * * unsupported allegations that the information sought has previously been supplied by deposition or by responses to requests to admit" and observed that "the movant is obliged to indicate exactly where in the depositions or responses the answers to the interrogatories may be found." 49 F.R.D., at 147. The objection in the instant case that depositions to be held in the future will duplicate the present admission requests is not only unsupported but insupportable and must therefore be and hereby is ORDERED denied. However, inasmuch as Pfeil and Monahan have objected generally to the undue burden of these admission requests and noticing that my Order of October 30, 1979 in this case dismissed as to defendant Pfeil the plaintiffs' claims dealing with the planning, assault and the alleged bad faith prosecutions phases of this litigation and as to defendant Monahan the paragraphs of the Complaint alleging reprisals and bad faith prosecutions, I conclude that defendants Pfeil and Monahan also may make supportable objections to admission requests not relevant to plaintiffs' claims remaining against them.

■ I arrive now at the more difficult objection of several movants that many (and, in the case of the executors of defendant Estate of Nelson A. Rockefeller, all) of the admission requests seek admission of facts within the knowledge of other parties defendant and that it is burdensome and improper to require movants to inquire of other defendants as to the truth of these requests for admission. The extent to which a party may be required to inquire of third persons in order to respond to admissions to request is by no means clearly delineated either in Fed.R.Civ.P. rule 36 or in decisional law. Rule 36 provides:

"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."

Thus it is apparent that under some circumstances parties must inquire of third persons in responding to admission requests,[2] and that the request made by defendant Oswald, for example, "to limit the scope of the requests for information that might reasonably be expected to be within the knowledge of the defendant" clearly asks too much. The precise scope of the inquiry of third persons that rule 36 requires is less certain.

Some limitation upon this requirement appears on the face of the rule: the inquiry need only be "reasonable," and need not extend to the gathering of information not "readily obtainable." In *Anderson v. United Air Lines, Inc., supra*, it was held that the defendant airline company could reasonably ascertain information within the knowledge of one of its own pilots. A counterpoint to this decision is provided by *Dulansky v. Iowa-Illinois Gas & Electric Co.*, 92 F.Supp. 118 (S.D.Ia.1950), which recognized the duty to reasonably inquire of third parties, but declined to require the defendant to rely upon information from its own bus driver, whom plaintiffs alleged struck and killed their decedent while driving defendant's vehicle. The court found that the bus driver's interest in the proceedings was hostile to the defendant's interests, so that to require defendant to rely on him in responding to requests to admit would deprive the defendant of the right to examine the driver in deposition proceedings and as an adverse witness at the trial,

---

**2.** Conflicting views on this issue were resolved by a 1970 amendment, adding the quoted language. *See generally*, 4A *Moore's Federal Practice*, ¶ 36.04[5].

and the right of cross-examination, inasmuch as the admissions under rule 36 would bind defendant thereafter in the proceeding. 92 F.Supp., at 123. However, the court indicated that defendant was obligated in preparing its responses to the admission requests "to notice the sworn testimony of [the bus driver] as well as that of all other witnesses taken at the coroner's inquest" and concluded that "[r]equests * * * the responses to which would require the ascertainment from [the bus driver] of facts additional to those based upon his testimony at the coroner's inquest would be improper." *Ibid.* The court expressly declined to expand upon the difficult question of which persons would be hostile or interested witnesses under the view the court espoused. *Ibid.*

■ The burden that movants in this case say would be imposed on them were they required to ascertain from other defendants or their counsel the truth or falsity of the various admission requests is not, without a greater showing than has been made, alone sufficient to support an objection. It is well-settled that mere burdensomeness is not sufficient grounds for a protective order under rule 26(c), but the burden must be *undue* in the light of all the circumstances. Because rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is strong disincentive to finding an undue burden where the requested party can make the necessary inquiries without extraordinary expense or effort—*i. e.*, if consultation with the third party is "readily obtainable," in the words of rule 36(a). Blanket assertions that it is excessively burdensome to have recourse to third persons in preparing responses to admission requests, as made by some of the movants here, are not acceptable. The proper course is to make reasonable efforts to obtain the requested information and, in accord with the plain language of rule 36, respond that such inquiry has been made and that the information readily obtainable is insufficient to enable admission or denial. It must be observed that rule 36(a) requires responses to "set forth in detail the reason

why the answering party cannot truthfully admit or deny the matter." Hence, if movants conclude as to any admission request received already or in the future in this litigation that the burden of responding to the request is greater than they should reasonably have to bear, the answer must state specifically what efforts have been made or why reasonable efforts would be unavailing to obtain the requisite knowledge.

■ As I am in accord with the reasoning in *Dulansky, supra,* movants are hereby informed that I will entertain good faith objections to specific admission requests that to obtain the requisite knowledge would require inquiry of persons having an interest in this litigation significantly adverse to the objector's own. Rule 36(a) states that "[i]f objection is made, the reasons therefor shall be stated," which I take to mean in this case that, in order to facilitate adjudication of the sufficiency of objections under the *Dulansky* rule, the objector must make a material showing that such an adverse interest exists.

■ Regarding the case of the executors of the Estate of Nelson A. Rockefeller, their objection that the sworn testimony of Mr. Rockefeller relating to matters in issue here is available to plaintiffs affords no grounds for protective orders. It is well established that possession of information by the requesting party is irrelevant to the propriety of requests to admit, the purpose of which is not to discover information but to narrow the issues for trial. *See,* 4A *Moore's Federal Practice,* ¶ 36.04[6]. As I have noted, the court in *Dulansky, supra,* held that the defendant there was bound to notice and admit matters in the prior sworn testimony of its employee. Absent some persuasive showing of undue burdensomeness or other valid grounds for objection, and considering the utility of expediting this litigation, I see no reason why the executors should not be required to admit matters that Mr. Rockefeller has revealed in sworn testimony.

In view of the foregoing analysis, defendants' motions for protective orders are here-

by ORDERED denied; it is further hereby ORDERED that movants serve answers to the admission requests in accordance with this opinion and with the clear requirements of Fed.R.Civ.P. rule 36. Further objections made in good faith may be interposed to specific admission requests in accordance with the views expressed herein. Considering the number of requests and the somewhat unusual measures that may be necessary to comply with this Order, it is further hereby ORDERED that movants shall have thirty (30) days from the filing of this Order to serve their answers.

All parties are advised that the use at trial of admissions obtained in this action remains subject to all pertinent objections to admissibility which may be interposed at trial. *See, Goldman v. Mooney*, 24 F.R.D. 279 (W.D.Pa.1959); 4A *Moore's Federal Practice*, ¶ 36.08; Fed.R.Civ.P., Appendix of Forms, Official Form 25.