Edward F. FLANDERS,

v.

Charles T. CLAYDON, M.D.

Civ. A. No. 85–0227–W.

United States District Court,
D. Massachusetts.

March 20, 1987.

Rosann C. Madan, Madan & Madan, Boston, Mass., for plaintiff.

Daniel Griffin, Boston, Mass., for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO TEST THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSIONS (# 44, filed 1/30/87)

ROBERT B. COLLINGS, United States Magistrate.

The plaintiff has sued the defendant for medical malpractice in the performance of surgery to remove a foreign body from plaintiff's arm. Two incisions were made; the plaintiff claims that the defendant was negligent in his choice of the location for the first incision.

The plaintiff has moved, pursuant to Rule 36(a), F.R. Civ. P., to test the sufficiency of four of the defendant's responses to his requests for admission. The four requests and the defendant's responses read as follows:

*Request:*

2. The foreign body in plaintiff's right arm was not palpable to the defendant as of January 22, 1982.

*Response:*

2. In response to Request for Admission No. 2, Charles T. Claydon, M.D. states that he believed the foreign body was palpable in relation to the mass that was present on January 22, 1982.

*Request:*

3. The foreign body in plaintiff's right arm was not palpable to defendant as of January 22, 1982.

*Response:*

3. In response to Request for Admission No. 3, Charles T. Claydon, M.D. states that he believed the foreign body was palpable in relation to the mass that was present on January 25, 1982.

*Request:*

6. On January 25, 1982, defendant made the first incision at a location on plain-

tiff's right arm where the x-rays indicated that the foreign body was.

*Response:*

6. In response to Request for Admission No. 6, Charles T. Claydon, M.D. admits that the first incision was made over the area where he felt the mass, which was an area that was consistent with the location of the foreign body as shown on the x-rays.

*Request:*

18. After the procedure of January 25, 1982, defendant does not remember what he told plaintiff concerning when plaintiff could return to work.

*Response:*

18. In response to Request for Admission No. 18, Charles T. Claydon, M.D., states that although he admits that he does not specifically remember what he told the plaintiff concerning when he could return to work, he would not have told the plaintiff he could return to work in three days, and believes that he would have told the plaintiff not to return to work at least until after the sutures were removed.

Rule 36(a), F.R. Civ.P., provides, in pertinent part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter ... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify the remainder.

The issue posed by plaintiff's motion is whether or not "good faith require[d]" that the defendant "qualify" his answer to the

plaintiff's requests. Generally, qualification is permitted if the statement, although containing some truth, "... standing alone out of context of the whole truth ... convey[s] unwarranted and unfair inferences." *Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D.Pa., 1960).

■ After reading excerpts from the defendant's depositions, I find that as to requests ## 2 and 3, good faith did require a qualification. The defendant's position is that what was palpable was a mass which represented a small area of scar tissue which was probably caused by the foreign body. This is why the defendant cannot say that the foreign body in and of itself was palpable on the two dates; rather, he can state that it was palpable only to the extent that the mass associated with it was palpable. Given this position, I do not see how the defendant could, in good faith, either wholly admit or deny that the foreign body was palpable.

■ However, the same is not true of requests ## 6 and 18. Request # 6 specifically asks the defendant to admit or deny whether the first incision was made at a location on plaintiff's right arm where the x-rays indicated that the foreign body was. There is nothing in the defendant's deposition which indicates that there is any need to qualify the response to this request. In his deposition, the defendant answered "Yes" to the question whether "... the incision [was] also made at a point consistent with where the x-rays indicated the foreign body was." Deposition, p. 106. Defendant argues that "[t]he request implies that the defendant relied only on the x-rays in choosing the site of the first incision, when, in fact, the defendant relied on both the x-rays and his ability to palpate the mass, which he felt encapsulated the foreign body." Memorandum of Defendant, Etc. (# 45) at p. 5. However, this argument assumes that the request asks the defendant to admit or deny that he relied only on what the x-ray told him about the location of the foreign body when making the incision. If the request was so phrased, perhaps a qualification

was required. But what the plaintiff seeks to have the defendant admit or deny is whether the first incision was made at a location on the plaintiff's right arm where the x-rays indicated that the foreign body was. There is no reason why the defendant cannot admit or deny the request without qualification.

■ The same is true of Request # 18. The request asks the defendant to admit or deny whether he can remember what he told the plaintiff after the operation as to when the plaintiff could return to work. The defendant in his deposition unequivocally states that he does not remember what he said to the plaintiff on this subject. Deposition, p. 168. There is no need to qualify this answer with a litany of things he knows he did not tell the plaintiff. The question is whether he remembers what he said, not whether he knows what he did not say. The response to this request does not, in good faith, require a qualification.

■ Having ruled that the responses to requests ## 6 and 18 were improper, I decline to strike the responses or order proper responses. I rule that in the circumstances of this case, these requests for admissions were "unreasonably cumulative" and "duplicative" of other discovery which the plaintiff has taken in this case. Rule 26(b)(1), F.R.Civ.P. The defendant's positions on each of the four requests were explicitly stated in clear and unambiguous terms at his deposition. The plaintiff can use the statements made at the deposition at trial. Rule 32(a)(2), F.R.Civ.P. In these circumstances, I see absolutely no proper purpose to the requests. In view of what the defendant's position is on the facts which are the subject of the requests, which was known to counsel for the plaintiff when he served the requests, I do not see how the requests can have been served with any expectation that the issues for trial would be narrowed or eliminated by the defendant's responses.

Accordingly, it is ORDERED that the Plaintiff's Motion To Test Sufficiency Of Defendant's Responses To Requests For

Admissions (# 44) be, and the same hereby is, ALLOWED to the extent that the Court has ruled on the sufficiency of the admissions but DENIED as to the extent that the motion seeks an order that the defendant be required to serve further responses.