James David DUBIN, on behalf of himself and all persons similarly situated, Plaintiffs,

v.

The E.F. HUTTON GROUP INC., E.F. Hutton & Company Inc., Defendants.

No. 88 Civ. 0876 (PKL).

United States District Court, S.D. New York.

May 2, 1989.

**373**

On September 19, 1988, plaintiffs filed their First Amended Complaint to provide that this action become a class action. Hutton answered the First Amended Complaint on October 7, 1988.

On October 18, 1988, plaintiffs served Hutton with interrogatories and requests for production of documents under Fed.R. Civ.P. 33 and 34, and on October 28, 1988, with requests for admissions under Fed.R. Civ.P. 36 (collectively the "Discovery Requests"). On January 13, 1989, Hutton served its responses to the Discovery Requests. Plaintiffs, deeming Hutton's responses insufficient, moved on February 1, 1989, pursuant to Fed.R.Civ.P. 37(a), to compel discovery.

The case was referred to the Hon. Nina Gershon, United States Magistrate of this Court, pursuant to 28 U.S.C. § 636(b)(1)(A). By Order dated February 22, 1989 (the "Order"), Magistrate Gershon granted the motion in part, but denied plaintiffs' request for additional responses to twenty requests for admissions Nos. 6, 16 through 29, 33, 40, 43, 49 and 51. Plaintiffs have filed objections to the Order in so far as it denied their request for these additional responses.

■ At the outset, the Court notes that Magistrate Gershon was invested with substantial discretion under Rule 36 of the Federal Rules of Civil Procedure to determine the propriety of plaintiffs' requests and the adequacy of Hutton's responses thereto. A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference and may not be disturbed by a District Court in the absence of a finding that the magistrate's determination was "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A) (1982). Therefore, "in reviewing discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." *Litton v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R. D. 75, 77 (S.D.N.Y.1989) (*quoting Citicorp v. Interbank Card Ass'n*, 478 F.Supp. 756, 765 (S.D.N.Y.1979)); *see also Stonewall Ins. Co. v. National Gypsum Co.*, 1988 WL 96159, at 1 (S.D.N.Y. Sept. 6, 1988).

Royer, Shacknai & Mehle, Washington, D.C. (Roger W. Mehle, of counsel), for plaintiffs.

Willkie Farr & Gallagher, New York City (Louis A. Craco, Jonathan D. Bassett, Brian T. Moriarty, of counsel), for defendants.

MEMORANDUM ORDER

LEISURE, District Judge:

On February 8, 1988, named plaintiff James David Dubin commenced an action against the E.F. Hutton Group Inc. and E.F. Hutton and Company Inc. (collectively "Hutton") for alleged violations of the federal securities laws and for common law fraud and breach of contract. Hutton moved to dismiss the Complaint on May 20, 1988, which motion was denied in part and granted in part by an Opinion and Order dated September 7, 1988, 695 F.Supp. 138.

Applying this standard, the Court has reviewed the objections filed by plaintiffs. The Court finds these objections to be without merit, and agrees with the conclusions reached by Magistrate Gershon in her Order.

## DISCUSSION

### 1. *Hutton's Obligation of "Reasonable Inquiry"*

Defendants objected to plaintiffs' requests for admissions numbered 16 through 29 and 49, on the grounds, *inter alia,* that defendants did not make "reasonable inquiry" pursuant to Rule 36. Those requests for admission involve plaintiff Dubin's dealings with former Hutton employee Richard S. Locke ("Locke"), or documents written by Locke. The parties dispute whether the duty of "reasonable inquiry" referred to in Rule 36 required Hutton to interview Locke in responding to the aforementioned requests for admissions. Dubin alleges Locke, a senior officer of both defendants, induced him to take employment with E.F. Hutton & Company Inc. in return for shares of stock under the E.F. Hutton Group's Equity Ownership Plan. Plaintiffs' Motion and Notice of Motion to Compel Discovery ("Plaintiffs' Motion") at 10. In the Order, Magistrate Gershon recognized that "in some circumstances the 'reasonable inquiry' required by Rule 36 may extend to inquiries of third persons...." Order at ¶¶ 1, 2. The Magistrate concluded, however, that no such circumstances were presented in this case holding that "the inquiry plaintiff[s] seeks here goes far beyond the requirements of the Rule." *Id.*

In responding to a properly stated request, a party must make "reasonable inquiry" of "information known or readily obtainable by him" that allows him to fairly admit or deny the request. Advisory Committee Notes to 1970 amendment to Fed.R.Civ.P. 36(a). However, the standard of "reasonable inquiry" under Rule 36 is a relative standard depending on the particular facts of each case. Rule 36 makes clear that determination of what constitutes "reasonable inquiry" in a given case is

committed to the sound discretion of the motion court, in this instance, the Magistrate. *See Davis v. City of New York,* 1988 WL 42189, at 3 (S.D.N.Y. April 28, 1988) (upholding magistrate's order and noting that "discovery rules are not absolute and contemplate use of judicial discretion"). *See also Asea, Inc. v. Southern Pacific Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir.1981) (motion court "may, under the proper circumstances and in its discretion" determine whether a party has fulfilled the "reasonable inquiry" obligation under Rule 36); *Al–Jundi v. Rockefeller,* 91 F.R.D. 590, 593 (W.D.N.Y.1981) ("under some circumstances" parties may be required to inquire of third parties); *Dulansky v. Iowa–Illinois Gas & Elec. Co.,* 92 F.Supp. 118, 124 (S.D.Iowa 1950) ("the district courts are given a wide discretion under Rule 37(c) to enforce the operation of Rule in 36").

■ In the circumstances of this case, plaintiffs seek admissions as to matters within the sole personal knowledge of Locke, a former employee of Hutton. Plaintiffs concede that Locke's recollection, if any, of his dealings with plaintiff Dubin is not necessarily binding upon Hutton. Thus, even if defendants did interview Locke, the most they could gain would be his personal recollection—as one participant in the alleged discussions—of what transpired. This is an insufficient basis upon which to require Hutton affirmatively to admit or to deny the truth of plaintiffs' characterizations of these conversations in the absence of sworn deposition testimony by Locke.

■ Plaintiffs nevertheless contend that defendants are required, under the "reasonable inquiry" standard of Rule 36, to interview Locke. However, plaintiffs have not brought to this Court's attention any authority demonstrating that a party's obligation to make "reasonable inquiry" entails seeking information from a third party *absent sworn deposition testimony. See Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1244–45 (9th Cir.1981) (as a result of depositions of current railroad employees, plaintiff became convinced that

railroads had not made "reasonable inquiry" in admitting or denying requests for admissions; grant of plaintiff's motion to order the matters admitted upheld); *Brown v. Arlen Management Corp.*, 663 F.2d 575, 580 n. 8 (5th Cir.1981) (defendant had interviewed former employees with knowledge, but nonetheless refused to amend its responses; decision to deem certain matters admitted affirmed); *Al–Jundi v. Rockefeller*, 91 F.R.D. 590, 593 (W.D.N.Y.1981) (court recognized limited obligation of defendant to inquire of his co-defendants, not non-parties); *Dulansky v. Iowa–Illinois Gas & Elec. Co.*, 92 F.Supp. 118, 123 (S.D.Iowa 1950) (holding that defendant was only obligated to notice the sworn testimony of its former employee in responding to a request for admissions; and specifically concluding that defendant was not obligated to inquire any further of that employee). *See Cada v. Costa Line, Inc.*, 95 F.R.D. 346, 348 (N.D.Ill.1982) (where "[s]ome of the Requests plainly call for admissions ... [that] could be eked out by interviewing crew members.... [T]he Court would be disinclined to thrust on [defendants], as a condition of making a good faith statement of "reasonable inquiry" under Rule 36(a), the burden of doing [plaintiffs'] job for them.). In sum, plaintiffs' objections to the Order are without merit. Magistrate Gershon acted well within her discretion in denying plaintiffs' Discovery Requests. Accordingly, plaintiffs' motion to compel answers to the requests for admissions concerning Locke, consisting of Discovery Requests Nos. 16 through 29, and 49 is denied.

### 2. *Defendants' Objections to Requests Nos. 6, 33, 40, 43 and 51*

Plaintiffs also seek to renew their arguments with respect to Hutton's responses and objections to Discovery Requests Nos. 6, 33, 40, 43 and 51, which did not involve either Locke or documents written by Locke, as well as to renew their objection to Hutton's refusal to authenticate the document noted in Discovery Request 40, which was prepared by Locke.

On February 17, 1989, oral argument was had before Magistrate Gershon, each side having previously filed legal memoranda setting out their respective positions. At the hearing, Magistrate Gershon heard argument, albeit the extent of which is in dispute, on the branch of plaintiffs' motion concerning the above ennumerated requests for admission. At the conclusion of the hearing, Magistrate Gershon denied plaintiffs' motion with respect to the requests for admission. Since the argument was not stenographically recorded, the Magistrate thereafter issued a brief Order summarizing her disposition of the motion to compel. Although the Magistrate did not explicitly address Hutton's objections to those Discovery Requests, Nos. 6, 33, 40, 43 and 51, it is clear that the Order denies plaintiffs' motion to compel further answers to plaintiffs' requests for admissions *in their entirety.* The Order states: "[i]nsofar as plaintiff seeks to compel further responses to his notices to admit, the motion is denied." Order ¶ 2.

■ Furthermore, a review of those responses and objections demonstrates that were this Court to make a *de novo* review, plaintiffs' motion would likewise be denied. Fed.R.Civ.P. 36(a) authorizes a party to serve "upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or the application of law to fact...." The purpose of this rule is to allow for the narrowing or elimination of issues in a case. The rule is not properly speaking a discovery device, rather it is "a procedure for obtaining admissions for the record of facts already known" by the seeker. 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2253 (1970).

To facilitate this purpose, "[e]ach request for admissions must be direct, simple and 'limited to singular relevant facts,'" *United States v. Consolidated Edison Co.*, 1988 WL 138275 (E.D.N.Y. Jan. 11, 1989), (*quoting S.E.C. v. Micro–Moisture Controls*, 21 F.R.D. 164, 166 (S.D.N.Y.1957)), so that "it can be admitted or denied without explanation." *Federal Practice and Procedure, supra*, at § 2258. A request "should not state 'half a fact' or 'half-truths' which require the answering party

to qualify responses." *Havenfield Corp. v. H & R Block, Inc.,* 67 F.R.D. 93, 96–97 (W.D.Mo.1973).

 The disputed Discovery Requests are not simple and concise statements of fact, but contain vague and ambiguous wording that does not allow defendants fairly to admit or to deny them. Defendants objected to the Discovery Requests in question as vague, ambiguous, overbroad and burdensome. The Court finds defendants' objections are well-founded. Consequently, plaintiffs' motion to compel response to plaintiffs' requests for admissions Nos. 6, 33, 40, 43, and 51, is hereby denied.

### CONCLUSION

Plaintiffs' objections to Magistrate Gershon's Order dated February 22, 1989, denying plaintiffs' motion to compel discovery, are without merit. Accordingly, plaintiffs' motion to overturn the Order is denied.

SO ORDERED