Michael D. DIEDERICH, Plaintiff,

v.

**DEPARTMENT OF The ARMY, Defendant.**

No. 88 Civ. 2920 (CLB).

United States District Court, S.D. New York.

Nov. 8, 1990.

As Amended Nov. 13, 1990.

Michael D. Diederich, Jr., Mount Vernon, N.Y., pro se.

Eric M. Nelson, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

JOEL J. TYLER, United States Magistrate.

By Order, filed May 25, 1990, The Honorable Chief Judge Charles L. Brieant, D.J., to whom this case is assigned, referred the same to me, *inter alia*, for general pretrial purposes, discovery and all substantive motions.

## BACKGROUND

The complaint alleges that defendant, Department of the Army, violated the Privacy Act of 1974, 5 U.S.C. § 552a, and plaintiff's constitutional right to freedom of association. The case involves certain incidents that arose out of the performance of plaintiff's duties and those of his superiors as officers in the United States Army Judge Advocate General's Corps (JAGC) during the period July 1984 to October 1987. At issue are (1) the alleged disclosure of a Personnel Memorandum which plaintiff claims hindered his military advancement, civilian opportunities and reputation, and (2) a social "dating" policy allegedly implemented by his superior, Major Glenn Gillette ("Gillette").

What is now before us for resolution are Defendant's Objections, filed September 26, 1990, to Plaintiff's Second Revised Requests For Admissions ("Requests"), filed September 5, 1990. In addition to requesting that the Court strike the Requests as improper, pursuant to Rules 26 and 36 of the Fed.R.Civ.P., defendant objects to each of the individual Requests and purports to also ground his objections in a prior verbal Order of this court, which, after a conference, directed plaintiff to again revise his Revised Requests for Admissions, filed May 5, 1990, by substantially reducing the number thereof. Prior to that conference, held June 21, 1990, plaintiff had moved by Notice of Motion, filed May 25, 1990, for an Order deeming the unanswered initial Requests admitted and renewing a prior summary judgment motion.

Plaintiff, an attorney, proceeding *pro se*, seeks to narrow the factual issues in dispute before incurring the allegedly unnecessary time and expense of further documentary and deposition discovery. The Requests seek the admission of relevant Army policies and communications allegedly promulgated regarding plaintiff's duty performance and controversial personal relationship with a civilian employee.

Defendant makes thirteen "General Objections" to the Requests, some of which accuse plaintiff of using requests for ad-

missions, in lieu of interrogatories, so as to evade this court's Local Civil Rule's limitation on the use of Interrogatories, and, thus, attempting to shift the burden of plaintiff's own discovery responsibilities to the defendant. In addition to these General Objections, defendant objects to each individual request. We have reviewed both the general and particular objections and find them to be substantially without merit.

## DEFENDANT'S GENERAL OBJECTIONS

Defendant's General Objections "2" through "4" complain as to the number of the requests (one-hundred and sixteen) as oppressive, unduly burdensome and vexatious, and objects to their alleged use "in substitution of more appropriate discovery devices."

Defendant refers to Local Civil Rule 47 as one of the discovery rules plaintiff seeks to evade. Rule 47 sets forth "definitions and rules of construction" deemed incorporated by reference in all discovery requests and allows for alternative definitions and meanings suited to a particular case. We fail to see any violation or invasion of Local Civil Rule 47, absent a well articulated and particularized inconsistency between plaintiff's Requests and the provisions thereof.[1] Perhaps defendant meant to refer to Local Civil Rule 46, which generally limits the use of interrogatories to requests for the names of witnesses and location of relevant documents and other physical evidence. As discussed below, Requests For Admissions are *not* a discovery device and, therefore, such objections are meritless.

Plaintiff's Second Revised Requests for Admissions, despite their reduction pursuant to the court's direction, are rather extensive and likely cover a large percentage of the issues in the case. This is not inappropriate, since the purpose of Requests for Admissions is not necessarily to obtain information but to narrow issues for

trial. *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir.1988); *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y.1989) (*citing* 8/C. Wright & A. Miller, *Federal Practice & Procedure*, § 2253 (1970)); *Webb v. Westinghouse Electric Corp.*, 81 F.R.D. 431, 436 (D.C.Pa.1978). Thus, if a party already has personal knowledge and/or belief regarding relevant facts, he may compel the opposing party to admit or deny such allegations, or to offer a valid reason why the fact cannot be admitted or denied. Rule 36(a) Fed.R.Civ.P. The "[p]urpose of [the] rule pertaining to requests for admissions is to expedite trial by removing essentially undisputed issues, thereby avoiding time, trouble and expense which otherwise would be required to prove issues." *Burns v. Phillips*, 50 F.R.D. 187, 188 (D.C.Ga.1970) (*citing Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686 (2d Cir.1966); *see also Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981).

Exercising both common sense and the "substantial discretion" afforded Magistrates in reviewing discovery disputes, *Dubin, supra*, 125 F.R.D. at 373, we encourage the use of requests, because we view the "[f]acilitation of the expeditious resolution of factual issues [as] an important consideration in the equitable and efficient administration of justice, particularly for backlogged federal courts." *Branch Banking & Trust Co. v. Deutz–Allis Corp.*, 120 F.R.D. 655, 657 (E.D.N.C.1988). Objections that the number of requests are numerous or that they attempt to cover the entire case will not, therefore, be sustained, for we do not view them as so ponderous that the burden to respond overwhelms. The court has already exercised its discretion in directing that plaintiff substantially reduce the number of requests, and he has done so to a manageable degree.

---

1. To the extent the reference to Local Civil Rule 47 is relevant in conjunction with defendant's objection numbers "5" and "6", which complain of undefined terms and unidentified persons and documents, we note that a Request For Admissions is not a discovery device, per se, (*see*

*infra*), and, therefore, the application of Local Civil Rule 47 is questionable. If defendant, rather than its attorney, does not, after a good faith effort, understand technical or esoteric terms to which a Request refers, then there is an appropriate response, as discussed *infra*.

Objections that plaintiff should obtain the information by independent discovery and investigation, or that the matter is already within plaintiff's knowledge, are similarly misplaced. Again, we reiterate that the purpose of requests for admissions are to seek defendant's agreements as to alleged fact. Whether plaintiff could obtain the information independently or whether certain facts are within plaintiff's knowledge are irrelevant considerations. Indeed, under the circumstances of this case, where plaintiff was a former officer of defendant, with personal knowledge and beliefs as to the facts alleged, the use of requests for admissions as a pretrial device is quite appropriate. Inasmuch as defendant's "general objections" complain of the present, reduced number of requests, and alleged burden foisted upon defendant to respond, such objections must be overruled.

Defendant's General Objection "1" states that the Requests "seek admissions as to matters covered by the attorney/client privilege, and/or constituting the work product of counsel." At the outset, we note that no basis has been articulated by defendant in terms of specific confidential communications or attorney work product. It is a direct reflection on the merit of these "General Objections" that none of defendant's "Particularized Objections" are grounded in attorney/client privilege or attorney work product. Of course, any objection based on work product or attorney/client or other legitimate privilege must be sufficiently particularized and properly articulated to this court, with the risk of sanctions if they are found to be of an insubstantial or frivolous nature, and we give fair warning that we shall exercise our authority in this connection in the future, given similar ethereal responses.

■ Finding no basis for these objections in the law of privilege, we construe these misplaced objections as being directed at the understandably argumentative nature of requests that seek an express or implied application of law to facts. Although a request as to a pure matter of law is not permitted (*see* Advisory Committee Notes to the 1970 amendments to Rule

36), Rule 36(a) clearly permits "application of law to fact." *See also Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y.1973); *Langer v. Presbyterian–University of Pennsylvania Medical Center*, 1988 U.S. Dist LEXIS 5105 (E.D.Pa.).

If an application of law to fact is requested, it is directed to, and the response is to be furnished by, the other party. Such information does not constitute work product and has no relationship to the attorney-client privilege. What is merely involved is a request to confirm or deny if the requestor's interpretation of a law, regulation, etc. concurs and is in agreement with that of the other party. Furthermore, legal counsel, whose duty it is to advise administrators and interpret regulations for the Army, are not protected by the attorney/client privilege or work product to the extent that such interpretation and implementation of regulations are genuine issues in dispute. These Requests are not improper and must be answered in compliance with Rule 36(a).

In light of the above, objections that documents or regulations "speak for themselves" (Defendant's General Objections "9" and "11") also are improper. As aforesaid, a request for admission as to the meaning of a document or government regulation is simply a request for defendant's admission of having understood the rule, during the period at issue, in a manner concurring with the meaning set forth by plaintiff. This may be simply admitted or denied by defendant; if denied, the response need not, but may, include defendant's alternative interpretation.

■ Defendant's General Objection "10" states that plaintiff failed to attach copies of documents referred to in his Requests. This objection is misplaced. A party need not attach copies of documents *referred* to in his requests, particularly when they are *within defendant's possession, such as regulations*, office memoranda and letters, unless plaintiff is directly seeking admission as to the authenticity of the documents themselves.

Defendant's General Objections "5", "6" and "7" essentially complain of the lan-

guage and manner in which the Requests are drafted. Since such objections are meaningless if not addressed to specific language, we will consider defendant's oft repeated "Particularized Objection"—"otherwise vague and ambiguous"—to include the thrust of General Objections "5", "6" and "7", and proceed, hence, to the "Particularized Objections".[2]

## DEFENDANT'S "PARTICULARIZED OBJECTIONS"

Defendant purports to make sundry "particularized" objections to the language and manner in which each individual Request is drafted. These include the following recurring objections, which we have accumulated and numbered herein as follows, and which we will address in seriatim:

(1) The request seeks admission as to a matter of law, which is not a proper subject for a request for admission.

(2) Appears to seek admissions as to what plaintiff himself believes.

(3) Otherwise vague and ambiguous.[3] We incorporate by reference into this category defendant's "General Objections" as to undefined terms, deficiencies in identification, and insufficient reference to persons and documents.

(4) Seeks admissions as to matters purportedly within the knowledge of nonparties.

(5) Seeks admissions as to multiple matters within a single request.

(6) Fails to identify the time period to which it refers.

**2.** Defendant's "general objection" number "8" pertaining to information within the knowledge of nonparties will be discussed below, since it appears as a "particularized" objection as well.

**3.** As stated above, Defendant's "General Objections" numbered "5" through "7" will be considered as if they had been more properly addressed as particularized objections. However, as in the case of defendant's designated "particularized objections", there are no properly articulated complaints with reference to specific language, specific ambiguities, or specific reasons

(1) *Objection that the request seeks admission as to a matter of law, which is not a proper subject for a request for admission.*

This particularized objection is valid on its face, but we find it to be inapplicable to any of plaintiff's Requests. As should be evident from the above discussion, a party may not object on the grounds that the request goes to a disputable matter presenting a genuine issue for trial, nor can he object that the request relates to opinions of fact or the application of law to facts. *See supra*, Advisory Committee Notes. We find none of plaintiff's Requests to be seeking admissions as to pure matters of law.

(2) *Objection that the request appears to seek admissions as to what plaintiff himself believes.*

■ Defendant's particularized objection that a request "appears to seek admissions as to what plaintiff himself believes" is rather puzzling in that the objection is a paraphrase explaining the very purpose of the pretrial device. This irony underscores the apparent misunderstanding of law that led to a large portion of defendant's objections.

(3) *General Objections as to undefined terms, deficiencies in identification, and insufficient reference to persons and documents, or otherwise vague and ambiguous.*

Before addressing defendant's remaining "particularized" objections, we set forth some guidelines as established in this and other circuits, pertaining to the proper drafting of requests and responses.

for difficulty in responding. Defendant, thus, leaves the court with the job of applying their objections to the Requests, a task which we only willingly undertake regarding a selected sample of Requests.

In setting forth a number of objections with respect to a request and then ending defendant's complaints with the amorphous claim that the request is "otherwise vague and ambiguous", adds nothing, whatever, to pinpoint meaning. We wholly reject this recurring, meaningless "catch-all" as a ground for objection.

■ Requests for admissions may set forth in sometimes excruciating detail, the facts, events or communications to which admission is sought. They are not intended, as in the case of interrogatories, directed at similar matters, to ask the opposing party for a detailed response. The requesting party bears the burden of setting forth in necessary, but succinct, detail, the facts, events or communications to which admission is sought; the responding party is merely required to agree or disagree, that is, " 'it can be admitted or denied without explanation' ", with an occasionally warranted qualification or explanation, for purposes of clarification, if desired. *Dubin,* 125 F.R.D. at 375–376 (*quoting* 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2258 (1970). Requests for admissions should, therefore, be drafted in such a manner that the response can be ascertained by a mere examination of the request and the corresponding answer. *See Id.; United States v. Watchmakers of Switzerland Information Center,* 25 F.R.D. 197, 200 (S.D.N.Y.1959). Specificity and detail is, thus, necessary and appropriate in each individual request, so that the extent of each admission or denial can be ascertained without excessive qualification. *Johnstone v. Cronlund,* 25 F.R.D. 42, 45 (E.D.Pa.1960). " [T]he facts should be stated singly, so that the party called upon to make answers need not write an essay in reply.' " *Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988) (*quoting* 4A J. Moore, *Federal Practice,* ¶ 36.05(2) at 51 (1987)).

This does not mean that defendant is not expected to qualify its responses; Rule 36(a) provides that "[a] denial shall fairly meet the substance of the requested admission, and when *good faith* requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." (emphasis added); *Flanders v. Claydon,* 115 F.R.D. 70, 71–72 (D.Mass. 1987). "Generally, qualification is permitted if the statement, although containing some truth, '. . . standing alone out of context of the whole truth . . . convey[s] un-warranted and unfair inferences.' " *Id.* (*quoting Johnstone, supra,* 25 F.R.D. at 44).

Although, "[e]ach request for admission must be direct, simple and 'limited to singular relevant facts.' " *Dubin, supra,* 125 F.R.D. at 375 (*quoting United States v. Consolidated Edison Co.,* 1988 WL 138275 (E.D.N.Y. Jan. 11, 1989), *in turn quoting S.E.C. v. Micro–Moisture Controls,* 21 F.R.D. 164, 166 (S.D.N.Y.1957)), it is entirely within the discretion of the court as to what level of expression and detail should be tolerated for each individual case. *See Id.* at 373.

■ Despite defendant's sundry objections as to alleged vagueness and ambiguity (*see* item numbered (3) above), plaintiff's Requests appear capable of a simple yes or no answer based on information reasonably available to the answering party; the extent to which attorneys' investigation of the facts is necessary or burdensome is *not* a basis for objection under the circumstances here. It is perhaps to be considered in extending time to respond. The lack of knowledge or the inability to obtain the requisite information would, however, be an adequate response, provided that it is accompanied by a good faith statement that "the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. Rule 36(a); *see also, Dubin, supra,* 125 F.R.D. at 374; *Thalheim, supra,* 124 F.R.D. at 35. In order to avoid any further dispute over the interpretation of this language, we hold that "reasonable inquiry" includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well. *See Dubin, supra,* 125 F.R.D. at 374; *Han v. Food & Nutr. Serv. of U.S. Dep't of Agriculture,* 580 F.Supp. 1564, 1566 (D.N.J. 1984); *City of Rome v. United States,* 450

F.Supp. 378, 383–384 (D.C.D.C.1978), *aff'd* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1978); *see also* Fed.R.Civ.P. Rule 36(a), Advisory Committee Notes to the 1970 amendments (28 U.S.C.Supp.1990). For defendant to sit back and merely insist that plaintiff depose persons having knowledge, the names and addresses of which defendant will furnish, is hardly an answer to the requirements of Rule 36(a), rather, such position negates its purpose.

**(4)** *Seeks admissions as to matters purportedly within the knowledge of nonparties.*

■ The requirement of "reasonable inquiry" does not generally extend to third parties, absent sworn deposition testimony of such third party. *See Dubin,* 125 F.R.D. at 374–375. In the *Dubin* case, the Magistrate had determined that "reasonable inquiry" did not place upon defendant the duty of interviewing a former employee, despite the nonparty's involvement with the transactions at issue. This brings us to the only objection of defendant that we find to be potentially of merit. Defendant objects to Request number 8(e)(iv) (*see also* defendant's general objection "8"), on the grounds that it "seeks admissions as to matters purportedly within the personal knowledge of non-parties." Though, on its face, this objection is valid, it is misplaced when applied to Request 8(e)(iv). The Request reads:

8(e) Plaintiff prosecuted a separation board against a SGT Brown for drug use.

 (iv) Major Gillette did not attend the hearing. He nevertheless told plaintiff not to make any recommendation to the separation authority.

Without having the knowledge that defendant must surely have concerning this event, it appears to the court that such knowledge would only be limited to nonparties if all persons in attendance (or all records of the hearing) are no longer within the defendant's control. If such is the case, then defendant should so specify, rather than merely express a conclusory assertion that the request seeks information only within the knowledge of nonpar-

ties. To the extent that information, within the exclusive knowledge of nonparties, is required in order to comply with a request, defendant need not interview that person if they are no longer employed by or otherwise connected with the Army. In any event, some of such persons may be within the Army Reserves and, if so, they are still subject in some measure to Army command, and, in our view, cannot be deemed third parties immune from inquiry. We will not permit defendant to delay in answering, nor to file meritless objections, which prejudice plaintiff's efforts in securing appropriate admissions, thus, wasting the court's and the respective parties' time and expense. In the future, any objections based on nonparty information must specify full reasons why the information is no longer available.

**(5)** *The request seeks admissions as to multiple matters within a single request.*

■ Defendant frequently objects on the grounds that a single request seeks admissions as to multiple matters. The following is an example of one such request under objection:

6(b) Army TJAG Policy Letter 85–11 establishes a policy that a junior JAGC officer shall not represent a client in a matrimonial case where that client's spouse is represented by the JAGC officer's superior.

 (i) There is no such policy letter regarding other areas of potential legal conflicts of interest. Nevertheless, the Army JAGC attorney is, or was in 1986 and 1987, bound by the ABA Code of Professional Responsibility, or substantially identical provisions as regards representation of a client in need of Legal Assistance.

Although certain words such as "nevertheless" may seem argumentative, they merely assist in following the logic of the sequenced requests; they do not render them incomprehensible or relentlessly vague. Clearly, Request 6(b) is requesting admission as to the meaning or construction of a specific Policy Letter. Request

6(b)(i), when read, as sequentially drafted with reference to request 6(b), is asking (1) whether defendant agrees that no such Policy Letters exist for other types of legal representation, and (2) whether defendant agrees that Army lawyers were bound by the ABA Code of Professional Responsibility in 1986 and 1987. Although Request 6(b)(i) could have been broken up into two component parts, the meaning, if examined with only meager care, is clear and easily capable of admission or denial.

Where it is evident that multiple, interdependent issues are contained in one request, defendant may deny the entire statement if one fact, on which the remainder of the request is premised, is denied; plaintiff drafts complex requests at his peril. Compound requests that are capable of separation into distinct components and that follow a logical or chronological order, however, should be denied or admitted in sequence with appropriate designation or qualification by defendant in its response.

(6) *The request fails to identify the time period to which it refers.*

 Defendant often objects on the grounds that the request fails to specify a time period. To the extent that plaintiff fails to specify a time period, defendant must construe the request to refer to the relevant time period covered by the complaint (April 1986 to the date of commencement of the action, namely, June 17, 1988), unless it is apparent from the language of a request that another specific time period or date is referred to. Defendant may qualify its answer by specifying or excluding time periods where it is appropriate to distinguish them from a generally affirmative response. For example, the request reads: "Regulation A was in effect from January 1, 1987 to March 3, 1988." If the regulation was in effect for part of that period, then vacated, followed by reinstatement later, a correct admission could be "no", but a more appropriate one, which may cause no problems in interpretation later, would be: "No, it was not in effect during that entire period. It was vacated on May 13, 1987 and later re-instituted or re-promulgated on November 10, 1987."

## CONCLUSION

Given the extensive discussion of the criteria and the salutary purposes to be served by Rule 36, and, further, having considered plaintiff's requests for admissions and defendant's general and particularized objections to each of them, and noting that not one of the requests was appropriately answered, we direct that defendant again address itself to the requests with a view to responding to all of them, to the extent it is able to do so, and wherein it finds itself unable to comply, after exercise of due diligence and "reasonable inquiry", it shall state in full the efforts undertaken to secure the appropriate response, and where a full response is unavailable, it shall respond to the extent it is able to do so, with an explanation why it cannot otherwise respond in full. It is apparent to this court that defendant has to-date failed to make a good faith effort to seek out and supply responses due plaintiff, which has the result of causing added expenditure of time and effort to this overworked and undermanned court.

We give fair warning that if defendant fails or refuses to make full and good faith responses to the requested admissions, such failure or refusal shall not pass with impunity, for this court proposes to exercise its prerogatives under Rules 36(a) and 37(a)(4), Fed.R.Civ.P., as may be indicated.

Due to the large number of Requests, and the possibility that some of the responses may have to be secured outside of the United States, the defendant is hereby given sixty (60) days from the date of this Order to appropriately respond. Accordingly, defendant's objections are overruled at this time and its application to strike the Requests For Admissions is denied.