**Linda VAN WAGENEN, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

**No. 96–CV–211 (LEK/DRH).**

United States District Court, N.D. New York.

Jan. 16, 1997.

McClung, Peters & Simon, Albany, NY (Marc H. Goldberg, of counsel), for Plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear, L.L.P., Albany, NY (Annette M. Tambasco, of counsel), Burns, White & Hickton,

Pittsburgh, PA (Koleen S. Kirkwood, of counsel), for Defendant.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Presently pending is the motion of plaintiff Linda Van Wagenen to deem as admissions the responses of defendant Consolidated Rail Corporation (Conrail) to certain requests for admissions pursuant to Fed.R.Civ.P. 36 (Docket No. 7). Oral argument on the motion was heard at a conference on January 16, 1997. For the reasons which follow and as stated at the conclusion of the conference, that motion is granted in part and denied in part.

### I. Background

Van Wagenen commenced this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., alleging that she suffered a repetitive motion injury while employed by Conrail. On November 6, 1996, Van Wagenen served upon Conrail requests for admission separately numbered one through twenty-three. Docket No. 9, Ex. A.[1] Request No. 1 sought admission of the authenticity of a Conrail document dated January 1988 entitled "Ergonomic Program Establishing Standard for Video Display Terminal Installation" (the document). Requests No. 2–10 and 12–19 then sought admission of various statements contained in the document. Requests No. 11 and 20–23 sought admissions concerning workstations at the Conrail offices where Van Wagenen was employed.

Conrail's response admitted the authenticity of the document. Conrail objected, however, to Requests No. 2–10 and 12–19 as duplicative of Request No. 1 and because Conrail had not yet determined whether the guidelines in the document were applicable to Van Wagenen. Docket No. 9, Ex. B. Conrail objected to Request No. 11 as failing to specify the time period. It objected to Requests No. 20–23, stating that it lacked sufficient knowledge to admit or deny those requests and reserving its right to supplement its response at the conclusion of discovery.

Van Wagenen now seeks an order deeming as admitted Requests No. 2–23.

### II. Discussion

Under Fed.R.Civ.P. 36(a), a party "may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1)...." The rule further requires a party to make "reasonable inquiry" before failing to admit or deny a requested admission. On the other hand Rule 26(b)(2) authorizes a court to limit a discovery method in a particular case "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative...."

#### A. Requests No. 2–10 and 12–19

These requests seek admission of the truth of various sentences taken from the document, the authenticity of which has been admitted. The document is a Conrail record. As such, the document, including the sentences contained in these requests, constitutes and is admissible at trial as an admission of Conrail. *See* Fed.R.Evid. 801(d)(2)(A)–(D). Van Wagenen contends that these requests are intended to seek admissions directly related to her allegations rather than as general statements of policy. These particular requests, however, make no reference to Van Wagenen, her work locations or any other matter specific to her allegations. Rather, they simply restate sentences from the document. Accordingly, these requests are unreasonably duplicative and cumulative within the meaning of Rule 26(b)(2)(i) and Van Wagenen's motion to deem them admitted or to compel amended responses is denied.

#### B. Request No. 11

Conrail declined to admit or deny Request No. 11 because Van Wagenen failed to state any time period for the request. However, Van Wagenen's request specifies that it is limited to the period of her employment at

---

1. Request No. 21 was omitted.

Conrail. This suffices to state a relevant period of time. *Cf. Diederich v. Dep't of the Army,* 132 F.R.D. 614, 621 (S.D.N.Y.1990) (appropriate period for request to admit deemed that covered by allegations of complaint). Moreover, as set forth in Rule 36(a), if "good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Conrail is directed to amend its response to Request No. 11.

### C. Requests No. 20–23

■ Conrail declined to admit or deny these requests, stating that it lacked sufficient information. Rule 36(a), however, imposes upon a responding party giving such an answer the obligation to conduct "a reasonable inquiry" and to so state in its response. *See Dubin v. E.F. Hutton Group, Inc.,* 125 F.R.D. 372, 374 (S.D.N.Y.1989). Conrail failed to state in its response that it had undertaken any such inquiry and has not offered any other assertion to that effect. Moreover, Conrail was served with this request over two months ago, the deadline for completion of discovery is now less than six weeks away, and Conrail's response stated that it would supplement its answer "when discovery is more advanced." In these circumstances, Conrail is directed to amend its response to Requests No. 20, 22 and 23.

### III. Conclusion

For the reasons stated above and at the conference on January 16, 1997, it is hereby

**ORDERED** that Van Wagenen's motion for an order deeming as admissions Conrail's responses to Van Wagenen's requests for admission numbered 2–23 is **DENIED**; and

**IT IS FURTHER ORDERED** that, deeming Van Wagenen's motion as one to compel amended responses to requests for admission numbered 2–10 and 12–19, that motion is **DENIED**; and

**IT IS FURTHER ORDERED** that, deeming Van Wagenen's motion as one to compel amended responses to requests for admission numbered 11, 20, 22 and 23, that motion is

**GRANTED** and Conrail is directed to serve amended responses to those requests on or before **February 3, 1997.**

**IT IS SO ORDERED.**