TEXTO COMPLETO DE LA RESOLUCION
Los peticionarios, en los recursos KLCE-03-01017 y KLCE-03-01167, 28 maestros y estudiantes de la Escuela Rosendo Matienzo Cintrón de Cataño, nos solicitan que revisemos varias resoluciones del Tribunal de Primera Instancia, Sala Superior de Bayamón, que permitieron al codemandado, Municipio de Cataño, contestar un pliego de requerimiento de admisiones pasado el término provisto para ello y denegaron su solicitud de sentencia parcial sobre el aspecto de negligencia.
En atención a que en los recursos se plantea la revisión de la misma resolución, se ordena su consolidación.
En el recurso KLCE-03-01017, los peticionarios señalan que incidió el tribunal al dejar sin efecto la admisión tácita del requerimiento de admisiones cursado por ellos al Municipio de Cataño, a pesar de que la contestación al requerimiento fue presentada pasado el término dispuesto para ello en la Regla 33 de Procedimiento Civil, 32 L.P. R.A. Ap. Ill, R. 33. Señalan, además, que incidió el tribunal al declarar ha lugar la oposición del Municipio de Cataño a su solicitud de sentencia sumaria parcial.
En el KLCE-03-01167, los peticionarios señalan que erró el tribunal al denegar su solicitud de sentencia sumaria parcial contra el Municipio de Cataño.
*934 Examinado el trámite procesal del litigio, denegamos la expedición del auto de certiorari en ambos recursos.
I
El 24 de febrero de 2000, veintiocho (maestros y estudiantes de la Escuela Rosendo Matienzo Cintrón de Cataño) presentaron una demanda en daños y perjuicios contra las siguientes partes: Municipio de Cataño (Municipio) y su compañía aseguradora, Admiral Insurance Company (Admiral); el contratista principal del proyecto de construcción del Frente Marítimo de Cataño, Del Valle Group, S.E. (Del Valle) y sus compañías aseguradoras, American International Insurance Company (AIICO) y Puerto Rican American Insurance Company (PRAICO). Los demandantes alegan que por culpa y negligencia del Municipio y de Del Valle fueron expuestos en dos ocasiones a emanaciones tóxicas que les causaron fuertes reacciones adversas, tales como dificultades respiratorias, nauseas, mareos, vómitos y otros. Alegan, además, que requirieron tratamiento médico de emergencia y han sufrido daños físicos y morales que estiman en un millón quinientos mil dólares ($1,500,000).
El 31 de julio de 2000, Del Valle contestó la demanda negando responsabilidad por los daños. Alegó, además, que faltaban partes indispensables, tales como, los contratistas y subcontratistas que llevaron a cabo la venta, entrega e instalación de asfalto, bitumul, brea y otros derivados del petróleo.
El 11 de octubre de 2000, PRAICO contestó la demanda. Alegó, entre otros, que el tipo de daños aseverado en la demanda se encuentra expresamente excluido de la cubierta de la póliza de seguros emitida por ésta, según la cláusula denominada “Total Pollution Exclusion Endorsement”. La otra compañía aseguradora de Del Valle, AIICO, presentó contestación a los mismos efectos.
El 3 de mayo de 2001, el Municipio contestó la demanda negando responsabilidad y alegando, entre otros, que los hechos dañinos fueron causados por terceras personas, por las cuales no responde. También, alegó como defensa la falta de notificación al Municipio de los daños dentro del término provisto en la ley.
PRAICO presentó una moción de sentencia sumaria, solicitando se desestimase la demanda a base de que la cláusula de exclusión la relevaba de responsabilidad. AIICO también presentó una solicitud de sentencia sumaria a los mismos efectos.
El 17 de mayo de 2001, el tribunal emitió sentencia sumaria parcial acogiendo la solicitud de desestimación de PRAICO. Del Valle solicitó la reconsideración de dicho dictamen.
El 9 de abril de 2002, el tribunal celebró una vista para discutir las mociones pendientes. Del Valle presentó sus argumentos para que se dejase sin efecto la desestimación en cuanto a PRAICO. El tribunal indicó que acogería lo solicitado por Del Valle, pero no emitió resolución en esos momentos.
La resolución dejando sin efecto la sentencia parcial que desestimó la demanda respecto a PRAICO fue notificada el 9 de enero de 2003. El 31 de enero siguiente, PRAICO recurrió en alzada al Tribunal de Circuito de Apelaciones, siendo el recurso denegado. Luego presentó un certiorari ante el Tribunal Supremo, siendo denegado el 23 de junio de 2003.
Mientras transcurrían los eventos procesales antes descritos, relacionados a la etapa de las alegaciones en la cual se establece quiénes serán las partes en el litigio y sus correspondientes alegaciones, se comenzó con el descubrimiento de prueba. A esos efectos, el 24 de octubre de 2000, el tribunal celebró una vista sobre el estado de los procedimientos donde se discutieron las normas que regirían la fase del descubrimiento de prueba. La minuta de dicha vista relata, entre otros que:

“[El abogado de Del Valle] indicó que se someterá un interrogatorio a todas las partes y una deposición donde comparecerán todos.

*935
[El abogado de Admiral] manifestó que coordinarán los interrogatorios para todas las partes, igualmente con la deposición.

El tribunal hizo constar que las partes se han puesto de acuerdo y quedaron satisfechos en cuanto a la manera que se llevará a cabo el descubrimiento de pruebas.

[El abogado de AIICO] solicitó que se dejen sin efecto los términos establecidos en la[s] Reglas de Procedimiento Civil para el descubrimiento de pruebas. (Enfasis suplido.)

El tribunal expresó que no hay problema en cuanto a ese aspecto, siempre y cuando todos los abogados se pongan de acuerdo.” (Enfasis suplido.)
El 9 de noviembre de 2001, los demandantes cursaron un interrogatorio y un requerimiento de admisiones a Del Valle y otro al Municipio. Del Valle contestó el interrogatorio y el requerimiento de admisiones. Por su parte, el Municipio solicitó prorroga para contestar el requerimiento de admisiones. Mediante resolución notificada el 31 de enero de 2002, el tribunal concedió al Municipio una prórroga de diez días para contestar. La parte demandante no volvió a presentar moción en cuanto al requerimiento de admisiones hasta el 9 de junio de 2003.
El 16 de octubre de 2002, el tribunal celebró una vista sobre los asuntos pendientes. La minuta de la misma relata, en parte:

“El tribunal indica que para la Sala viene otro Juez y a ella le parece que siendo complejas todas las mociones pendientes sería ilógico que por encima se pueda disponer de algo que afecte en los méritos de este caso.

El Tribunal dará señalamiento para cuando venga el Juez puedan argumentarlas.

La licenciada Toledo Dávila[, representante legal de los demandantes,] solicita que de alguna forma la parte demandada agilice aquel descubrimiento de prueba que quiere hacer y si prevalece de aquí a cinco años en el Supremo en cuanto a la defensa y la cubierta, pues que recobre de la aseguradora. Que no se paralice el caso de tramitarse por la controversia.

Indica la licenciada Toledo Dávila que aún hay descubrimiento de prueba pendiente.

El Tribunal señala DISCUSION DE MOCION DE SENTENCIA SUMARIA presentada por el [abogado de Del Valle] para el 24 de febrero de 2003 a la 1:30 p.m. (Negritas en original.)

La minuta no hace referencia al requerimiento de admisiones que le fuera sometido al Municipio. ”

En la vista de 24 de febrero de 2003, presidida por otra juez asignada a sala, se discutió si en atención al recurso presentado por PRAICO ante el Tribunal de Circuito de Apelaciones, pendiente de resolver, PRAICO venía llamado a proveerle defensa en el pleito a Del Valle. Escuchados los planteamiento de las partes, el tribunal ordenó a PRAICO proveer defensa a Del Valle mientras se resolvían los recursos en alzada presentados por PRAICO. En cuanto al descubrimiento de prueba, la minuta relata lo siguiente:

“Esto[, la orden a PRAICO de proveer defensa legal a Del Valle,] va a permitir, además, que se inicie inmediatamente el descubrimiento de prueba que ha anunciado la parte demandante que desea realizar. Ha indicado la [abogada de los demandantes,] licenciada Toledo Dávila, que desea tomar una deposición a una persona de Del Valle Group.

*936
En diez (10) días, el licenciado Sánchez Alvarezl, abogado de Del Valle,] informará a quién se va a deponer y la fecha para deponer y en treinta (30) días proveerá a la [abogada de los demandantes] los documentos solicitados en el interrogatorio remitido a Del Valle Group.

El licenciado Sánchez aclara que desconoce si PRAICO lo utilizará como abogado o si comparecerá con otra representación legal.

El Tribunal señala CONFERENCIA SOBRE EL ESTADO DE LOS PROCEDIMIENTOS para el 11 de junio de 2003 a las 10:00 a.m. (Negritas en original.)

Esta minuta tampoco hace referencia al requerimiento de admisiones sometido por los demandantes al Municipio. ”

El 9 de junio de 2003, los demandantes presentaron una moción solicitando sentencia sumaria contra el Municipio. Argumentaron que el 9 de noviembre de 2001 habían sometido un requerimiento de admisiones al Municipio y a dicha fecha el Municipio no había contestado, por lo que procedía se considerase el mismo como admitido tácitamente. Entre otros, el requerimiento incluia las siguientes aseveraciones:

“3. Admita que como consecuencia de las labores de construcción del frente marítimo de Cataño del 27 de abril de 1999, se produjeron fuertes emanaciones de gases.

4. Admita que las emanaciones de gases que afectaron los estudiantes y maestros de la Escuela Rosendo Matienzo Cintrón el 27 de abril de 1999, se debieron a los trabajos de construcción en el frente Marítimo de Cataño.

12. Admita que las emanaciones de gases que afectaron los estudiantes y maestros de la Escuela Rosendo Matienzo Cintrón el 27 de abril de 1999, se debieron a la culpa y/o negligencia del Municipio de Cataño, sus empleados, agentes o contratistas independientes.

13. Admita que las emanaciones de gases y/o malos olores que afectaron los estudiantes y maestros de la Escuela Rosendo Matienzo Cintrón el 10 de agosto del 1999, se debieron a la culpa y/o negligencia de[l] Municipio de Cataño, sus empleados, agentes o contratistas independientes. ”

Amparándose en lo dispuesto en la Regla 33 de Procedimiento Civil, supra, y Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563 (1997), los demandantes-peticionarios solicitaron que las aseveraciones incluidas en el requerimiento de admisiones se dieran por admitidas tácitamente y que el tribunal dictase sentencia parcial contra el Municipio, declarando probado que por su negligencia los demandantes fueron expuestos a gases nocivos que le causaron los daños reclamados. Por lo tanto, adujeron que sólo quedaba por verse la cuantificación de los daños sufridos y solicitaron se señalase vista.
El 11 de junio 2003, el tribunal celebró la vista sobre el estado de los procedimientos. El abogado de Del Valle indicó que estaba pendiente ante el Tribunal Supremo el recurso de PRAICO en cuanto a si la póliza expedida a favor de Del Valle cubre el tipo de daños alegados en la demanda. Por otro lado, la abogada de los demandantes manifestó que había solicitado sentencia sumaria contra el Municipio el 9 de junio. El tribunal concedió 15 días a las partes para replicar a la moción de sentencia sumaria de los demandantes. Sobre el requerimiento de admisiones sometido al Municipio por los demandantes, la minuta relata lo siguiente:

“La parte demandante expresó que en noviembre de 2001, el licenciado Eugenio Santoni [, abogado del 
*937
Municipio,] presentó moción solicitando prórroga para contestar el requerimiento.

La prórroga fue concedida; no obstante, nunca recibió el requerimiento.

El .licenciado Rodríguez [, abogado de Admiral Insurance y el Municipio,] hizo constar que le asignaron el caso en el día de ayer. Solicitó 15 días para someter el escrito de requerimiento de admisiones.

La [abogada de los demandantes] se opuso.

El tribunal manifestó que se da por admitido el requerimiento de admisiones que hizo referencia la [abogada de los demandantes]. ”

El 18 de junio de 2003, el Municipio presentó su oposición a la moción de sentencia sumaria de los demandantes. Acompañó la misma con sus contestaciones al requerimiento de admisiones y una Moción Solicitando que se Admita Contestación al Requerimiento de Admisiones. Adujo en esta última como sigue:

“3. Como se desprende del expediente ante el tribunal, el presente caso ha estado paralizado debido a la Moción de Sentencia Sumaria Parcial presentada por Puerto Rican American Insurance Company (PRAICO) el 18 de septiembre de 2000, donde solicita que se desestime la demanda en su contra porque su póliza no cubre emanaciones de gases tóxicos. Inicialmente, esta moción fue declarada con lugar, mas luego de escuchar los argumentos levantados por el co-demandado Del Valle Group, el tribunal decidió dejar sin efecto el dictamen previamente emitido. PRAICO recurrió ante el Tribunal de Circuito de Apelaciones el 31 de enero de 2003. Al confirmarse la decisión del Tribunal de Primera Instancia, solicitó un auto de certiorari ante el Tribunal Supremo el 17 de abril de 2003, el cual permanece aún pendiente de adjudicación.

4. Una mera revisión del expediente demuestra de forma inequívoca que el descubrimiento de prueba se encuentra en una etapa incipiente, pues precisamente con el aval del tribunal, todas las partes acordamos realizar el descubrimiento de prueba de forma conjunta para evitar una sobrecarga de requerimientos. Incluso, el tribunal permitió que se dejaran sin efecto los términos establecidos en la Rerglas de Procedimiento Civil, dado a las circunstancias particulares del caso en sí. ”

El 24 de junio de 2003, los demandantes presentaron una dúplica a la oposición a la solicitud de sentencia sumaria solicitada por el Municipio, acompañada de una moción en oposición a que se admitan las contestaciones al requerimiento de admisiones presentadas por el Municipio.
Del Valle también presentó un escrito en oposición a la solicitud de sentencia sumaria. En el mismo adoptó como suyos los argumentos presentados por el Municipio. Además, argumentó que aun si se daba por admitido lo aseverado en el requerimiento de admisiones sometido al Municipio, no procedía que se declarase a Del Valle solidariamente responsable. Ello, ya que Del Valle había contestado el requerimiento de admisiones negando los aspectos de negligencia y responsabilidad extracontractual.
El 11 de julio de 2003, notificada el 15 de julio, el tribunal emitió una resolución declarando ha lugar la oposición a la solicitud de sentencia sumaria, presentada por el Municipio y no ha lugar a la dúplica en oposición, presentada por los demandantes.
Inconforme, la parte demandante presentó ante este Foro el recurso KLCE-03-01017, señalando que incidió el tribunal:

“1. ... [A]l declarar ‘No Ha Lugar’ la oposición a que se permitiese contestar los requerimientos de admisiones sobre quinientos (500) días después de vencido el término par contestar los mismos.

*938 2. ... [A]l declarar ‘Ha Lugar’ la oposición a solicitud de sentencia sumaria parcial contra el codemandado Municipio de Cataño. ”
El 27 de agosto de 2003, notificada el 29 de agosto, el tribunal emitió resolución declarando no ha lugar la solicitud de sentencia sumaria parcial presentada por los demandantes el 9 de junio de 2003. De dicha resolución, la parte demandante presentó el recurso KLCE-03-01167, señalando que erró el tribunal:

“...[A]l declarar ‘No Ha Lugar’ la solicitud de sentencia sumaria parcial presentada contra el Municipio de Cataño. ”

El Municipio presentó su escrito en oposición a las solicitudes de certiorari. Procedemos a resolver.
II
Los tres señalamientos de errores están íntimamente relacionados, por lo que los discutiremos conjuntamente.
La Regla 33 de Procedimiento Civil, supra, dispone:

“Regla 33. Requerimiento de Admisiones.

(a) Requerimiento de admisión. A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hubieren sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin permiso del tribunal, al demandante, luego de comenzado el pleito, y a cualquier otra parte, luego de ser emplazado.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, un demandado no estará obligado a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento, debiéndose en este caso apercibirle en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere admisión, no podrá aducir como razón para así no hacerlo la falta de información o conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.3, negar lo requerido o exponer las razones por las cuales no puede admitir o negar.

*939 (b) Efecto de la admisión. Cualquier admisión hecha de conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción ál efecto, permita el retiro o enmienda de la misma. Sujeto a lo dispuesto en la Regla 37 que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto, a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento.” (Enfasis suplido.)
'Em. Audiovisual Lang. v. Sist. Est. Natal Hnos., supra, págs. 571 a 578, el Tribunal Supremo elaboró sobre la interpretación de la Regla 33, supra, y su utilización en conjunto con la Regla 36 de Procedimiento Civil, 32 L.P. R.A. Ap. Ill, R. 36. Las normas interpretativas allí dispuestas son pertinentes al litigio de autos. El Tribunal Supremo expuso como sigue:

“Requerimiento de Admisiones - Regla 33 de Procedimiento Civil

La Regla 33 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre requerimiento de admisiones, persigue el propósito de aligerar los procedimientos, definiendo y limitando las controversias del caso, proporcionando así un cuadro más claro sobre éstas. Mediante esta regla procesal... se pueden lograr "admisiones” que pueden usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición. Rosado v. Tribunal Superior, 94 D.P.R. 122, 133 (1967). Véase, además: Pérez Cruz v. Fernández, 101 D.P.R. 365, 373 (1973), y 8A Wright and Miller, Federal Practice and Procedure: Civil 2d, Sees. 2251-2252. (Enfasis suplido.)
Al amparo de la Regla 33 actual, supra, se puede requerir se admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1. Esto incluye hechos que están en controversia y opiniones relacionadas con los hechos o con la aplicación de la ley a éstos. ... Ahora bien, tanto bajo la Regla 33 actual como bajo la anterior, no se permiten requerimientos de admisiones sobre una materia puramente legal, aunque sí se puede requerir la admisión de la aplicación de la ley a los hechos. 8A Wright and Miller, supra, sec. 2255; Diederich v. Department of Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990). Luego de los cambios introducidos a la Regla 33 en el 1979, ésta puede utilizarse como base para la presentación de una moción solicitando sentencia sumaria bajo la Regla 36 de Procedimiento Civil. 8A Wright and Miller, supra, sec. 2254.
Para poderse confrontar efectivamente con un requerimiento de admisiones, la parte tiene que, bajo juramento, admitir o negar lo requerido, u objetarlo. Para negar u objetar, tendrá un término de veinte (20) días contados desde que se le notificó el requerimiento o dentro del término que el tribunal le hubiese concedido. Si la parte no cumple con este término, las 'cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas. No se requiere que el tribunal emita una orden. Regla 33(a) de Procedimiento Civil, supra. Esta admisión se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a la misma. Regla 33 (b) de Procedimiento Civil, supra. En el ejercicio de su discreción, el tribunal debe interpretar la regla deforma flexible favoreciendo, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello. (Cursivas en original, subrayado suplido.)
Distinto a la anterior Regla 33, la Regla actual específicamente contiene los criterios que el tribunal tiene *940 que utilizar al ejercer su facultad discrecional para permitirle a una parte retirar o modificar una admisión. La Regla 33 dispone que el tribunal podrá, "[sjujeto a lo dispuesto en la Regla 37 que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, ... permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa.” Regla 33(b) de Procedimiento Civil, supra. (Cursivas en original, subrayado añadido.)

Ahora bien, las disposiciones de la Regla 33 son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial con las mismas. Sin embargo, al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla, no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Las Reglas de Procedimiento Civil "[s]e interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento". Regla 1 de Procedimiento Civil, supra; 8A Wright and Miller, supra, sec. 2252. ”

Pasemos ahora a examinar la figura procesal de la sentencia sumaria. Regla 36 de Procedimiento Civil, supra.

Sentencia Sumaria - Regla 36 de Procedimiento Civil

Reiteradamente, hemos resuelto que la sentencia sumaria es un remedio extraordinario discrecional que sólo debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. Cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente. Esta puede dictarse a favor o en contra del promovente, según proceda en derecho. El propósito de la sentencia sumaria es "aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos, cuando de los documentos no controvertidos que se acompañan con la moción surge que 'no existe una legítima disputa de hecho que dirimir, ... sólo resta aplicar el derecho'." (Citas omitidas.) Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986). Véanse, además: Marín v. American Int’l Ins. Co. of P.R., 137 D.P.R. 1 (1994); Soto v. Hotel Caribe Hilton, 137 D.P.R. 294 (1994); Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624 (1994); Medina v. M. S. & D. Química P.R., Inc., 135 D.P.R. 716 (1994); Consejo Tit. C. Parkside v. MGIC Fin. Corp., 128 D.P.R. 538 (1991); Roig Com. Bank v. Rosario Cirino, 126 D.P.R. 613, 617-618 (1990); Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 279-281 (1990); M.J.C.A. Menor v. J.L.E.M. Menor, 124 D.P.R. 910 (1989); Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987).

Siendo la sentencia sumaria un remedio discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de su día en corte, principio elemental del debido procedimiento de ley". (Cursivas en original, subrayado añadido.) Roig Com. Bankv. Rosario Cirino, supra, pág. 617. Después de todo, las reglas procesales han de interpretarse y aplicarse de forma tal "que garanticen una solución justa, rápida y económica de todo procedimiento". Regla 1 de Procedimiento Civil, supra.

En el pasado, también hemos advertido que:
"[l]os efectos de no formular una contestación al requerimiento bajo la Regla 33 ... pueden ser desastrosos para la parte requerida, quien se coloca prácticamente en la situación de una parte en rebeldía con respecto a las admisiones requeridas por el proponente, viéndose impedido, normalmente, de refutarlas. En la administración de esta medida, los jueces debemos ofrecerle el máximo de eficacia cónsono con la letra y *941 propósito de la regla reduciendo al mínimo la posibilidad de perjuicio a las partes". (Cursivas en original, subrayado suplido.) Menéndez García v. Tribunal Superior, supra, pág. 669.
Cónsono con lo anteriormente expuesto, cabe señalar que aun en aquellos casos tramitados en rebeldía, cuya consecuencia inmediata es que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda, hemos insistido en la obligación que tiene el tribunal de celebrar una vista exigiendo evidencia para determinar el importe de los daños o comprobar la veracidad de cualquier aseveración. Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809 (1978). Véanse, además: Marín v. Fastening Services System, Inc., 142 D.P.R. 499 (1997); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996). Igual norma adoptamos en casos como el de autos en que se solicita se dicte sentencia sumaria a base de una admisión tácita sobre la cuantía de los daños reclamados obtenida mediante un requerimiento de admisiones. (Enfasis suplido.)
III
La parte demandante-peticionaria aduce que bajo la Regla 33, supra, según interpretada en Audiovisual Long, v. Sist. Est. Natal Finos, supra: (1) no procedía que el tribunal permitiese retirar la admisión tácita de lo aseverado en el requerimiento de admisiones ni permitirle al Municipio presentar tardíamente sus contestaciones al mismo; y (2) que al darse como un hecho admitido tácitamente lo expuesto en el requerimiento de admisiones, procedía que el tribunal dictase sentencia parcial contra el Municipio, determinando que éste había admitido su negligencia y declarándolo responsable de resarcir los daños sufridos por los demandantes.
Según dispone la Regla 33(b), supra, “el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa”. Al interpretar las Regla 33 de Procedimiento Civil, supra, “no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial”. Regla 1 de Procedimiento Civil, supra, Audiovisual Lang. v. Sist. Est. Natal Hnos., supra, pág. 575, 8A Wright and Miller, Federal Practice and Procedure: Civil 2d, See. 2252 (1994).
En el caso de autos existen varias consideraciones que militan a favor de que se dejase sin efecto la admisión tácita de lo expuesto en el requerimiento de admisiones y se le permitiese al Municipio presentar sus contestaciones al mismo. El tribunal no abusó de su discreción al así hacerlo.
En vista de que estos litigios incluyen una multiplicidad de partes demandantes y demandas, los abogados que las representan discutieron y acordaron la forma en que se llevaría a cabo el descubrimiento de prueba en la vista de 24 de octubre de 2000. Con el propósito de evitar la duplicación de esfuerzos y costos, las partes acordaron coordinar los interrogatorios, deposiciones y otros medios de descubrimiento de prueba. En dicha vista se le solicitó expresamente al tribunal que dejase sin efecto los términos establecidos en las Reglas de Procedimiento Civil para la etapa del descubrimiento de prueba y el tribunal dio su anuencia a lo solicitado. La abogada de los demandantes estuvo presente en la referida vista y no objetó el acuerdo. Por lo tanto, la parte demandante quedó obligada por dicho acuerdo y está impedida,' por sus propios actos, de solicitar la aplicación estricta de los términos dispuestos en las Reglas de Procedimiento Civil. Por dicha razón, no procedía su objeción a que se aceptase la contestación al requerimiento de admisiones por haber transcurrido el término provisto para ello y el tribunal podía disponer que se aceptase la contestación cuando fue ofrecida.
Además, el que transcurriera alrededor de quinientos días sin que el requerimiento de admisiones fuese contestado se debió a que el caso estuvo paralizado debido a la solicitud de desestimación presentada por PRAICO y los trámites relacionados a ello. Veamos.
PRAICO presentó su alegación al efecto de que la póliza que había expedido a favor de Del Valle no aseguraba los daños reclamados en el pleito. Originalmente, el tribunal acogió esta defensa, emitiendo sentencia parcial desestimando la causa de acción contra PRAICO. Sin embargo, posteriormente reconsideró rechazando la *942 misma. PRAICO recurrió en alzada. La controversia para determinar si PRAICO continuaría como parte codemandada fue dispuesta cuando el recurso al respecto lo denegó el Tribunal Supremo el 23 de junio de 2003. En vista de dicho trámite, los procedimientos ante el tribunal de instancia estuvieron paralizados mientras se dilucidaba la solicitud de desestimación de PRAICO. La parte demandante no presentó solicitud al tribunal para que se diesen por admitidas las aseveraciones incluidas en el requerimiento de admisiones durante el año 2002 ni durante los primeros meses del año 2003.
En adición, el silencio de la parte demandante previo a su moción de 9 de junio de 2003, no debe conllevar el que se le releve de la necesidad de probar su caso en los méritos. A la luz de lo antes discutido, es claro que de la tardanza en contestar el requerimiento no se puede inferir dejadez ni resistencia a contestarlo de parte del Municipio. En la vista celebrada el 24 de febrero de 2003, el tribunal dejó sin efecto la paralización de los procedimientos y ordenó se iniciase el descubrimiento de prueba. Es de notar que en dicha vista la parte demandante no trajo a la atención del tribunal, ni de los otros litigantes, que el requerimiento de admisiones sometido al Municipio todavía no se había contestado. Tampoco sometió moción a esos efectos en el período siguiente a esa vista.
La parte demandante esperó dos días antes de la vista para presentar una moción alegando que el Municipio había admitido tácitamente su responsabilidad al no contestar el requerimiento de admisiones, por lo que procedía dictar sentencia sumaria declarando al Municipio responsable por los daños y sólo restaba la determinación de la cuantía de los daños. Dicho proceder se puede interpretar como un intento de “ganar el caso” por medio de tecnicismos procesales, sin considerar los méritos del mismo. Ello es un retroceso a la “deportiva teoría de justicia que tanto mina la fe del pueblo en el sistema judicial”, los cuales deben ser firmemente rechazados por el tribunal. Alvarado v. Alemany, 2002 J.T.S. 98; Vincenti v. Saldaña, 2002 J.T.S. 72; Alfonso Brú v. Trane Export, Inc., 2001 J.T.S. 129; Aponte v. Sears Roebuck de P.R., Inc., 129 D.P.R. 1042, 1049 (1992); General Electric v. Concessionaires Inc., 118 D.P.R. 32, 38 (1986); Luch v. España Service Sta., 117 D.P.R. 729, 743 (1986); Ades v. Zalman, 115 D.P.R. 514 (1984).
Finalmente, observamos que al solicitar que no se permitiese al Municipio presentar la contestación al requerimiento de admisiones, la parte demandante no demostró que admitirla le causaría perjuicio. La Regla 33 (b), supra, dispone expresamente que “el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa”.
“En el ejercicio de su discreción, el tribunal debe interpretar la [Regla 33, supra,] de forma flexible favoreciendo, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello”. Audiovisual Lang. v. Sist. Est. Natal Hnos., supra, págs. 573-574.
Concluimos que no incidió el tribunal al aceptar la contestación al requerimiento de admisiones sometida por el Municipio. En tanto que la solicitud de sentencia sumaria descansaba en que se tomasen por admitidas tácitamente las aseveraciones incluidas en el requerimiento de admisiones, al aceptarse la contestación del Municipio negando las mismas, claramente no procedía la solicitud de sentencia sumaria. No se cometieron los errores señalados por los peticionarios.
IV
Por las consideraciones antes expuestas, se deniega la expedición del auto de certiorari en ambos recursos.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*943 ESCOLIOS 2004 DTA 39
1. La abogada de los demandantes no estuvo presente en dicha vista, habiendo sido excusada por el tribunal.
2. Las paites acordaron, con la anuencia del tribunal, coordinar el descubrimiento de prueba para evitar duplicación y costos innecesarios. Mientras estaba en controversia si PRAICO continuaría siendo parte codemandada, no se podía llevar a cabo el descubrimiento de prueba en forma coordinada y eficiente, que minimizara los costos del litigio.